ATTORNEY GENERAL *vs.* ABNER C. GOODELL, administrator.

Suffolk.    December 9, 1901. — February 28, 1902.

Present : HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Trust*, Charitable.

The bequest of a residue to be " divided among the poor colored people of the city of Lynn " can be enforced by this court as a public charity and a scheme can be framed for its administration if necessary.

INFORMATION by the Attorney General against the administrator with the will annexed of the estate of James Smith, late of Boston, filed January 31, 1901.

The information alleged that James Smith died testate on March 23, 1895, and by his will provided as follows : " I hereby direct that all my estate, after the payment of my just debts, be divided among the poor colored people of the City of Lynn, State of Massachusetts." The information further alleged that the residue of the estate in the hands of the defendant amounted to $2,678.21 and that there were a great many poor colored people living in the city of Lynn, and prayed that the court would declare and establish the trust to be a public charity and decree its enforcement, and to that end appoint some suitable person trustee ; and further prayed that if in the judgment of the court the trust could not be specifically carried out according to the directions, or for lack of them in the will, and the money appropriated by such trustee, or in any other manner, to the poor colored people of Lynn, that the court should refer the case to a master in chancery, to report to the court a scheme for the administration of the trust as near as possible to the intent of the testator, and, upon the rendition and acceptance of such report, should decree the administration of the trust accordingly.

The defendant demurred, alleging that the court had no jurisdiction or authority to grant the relief prayed for by the information.

The case came on to be heard before *Knowlton*, J., who reserved it on the information and demurrer for the consideration of the full court.

*F. D. Allen*, for the plaintiff.

*A. C. Goodell*, *pro se.*

HOLMES, C. J.   It is admitted by the demurrer that the gift of the residue to "be divided among the poor colored people of the City of Lynn," is a good charity. *Jackson* v. *Phillips*, 14 Allen, 539, 551.   *Attorney General* v. *Pearce*, 2 Atk. 87, 88. *Attorney General* v. *Clarke*, 1 Amb. 422.   *Bishop of Hereford* v. *Adams*, 7 Ves. 324.   *Attorney General* v. *Wilkinson*, 1 Beav. 370.   *Howard* v. *American Peace Society*, 49 Maine, 288, 305. But if this is so, then according to the case last cited and the intimations in this State, the gift would not be allowed to fail for want of a trustee.   The doubts which have been felt whether this court could take jurisdiction to enforce and carry out a trust that in England would have fallen upon the king as *parens patriæ* do not touch a case like the one at bar.   *Sears* v. *Chapman*, 158 Mass. 400, 401, and cases cited.   *Moggridge* v. *Thackwell*, 7 Ves. 36, 86.

There is no question before us concerning the appointment of a trustee, a matter upon which the defendant spent considerable time.   The court is asked to declare the gift to be a public charity, and, if necessary, to frame a scheme for its administration. This is within the jurisdiction of the court.

*Decree accordingly.*