Julia A. Bills, et als., In Equity,

*vs.*

H. C. Pease, Ex'r, et als.

Knox.    Opinion March 14, 1917.

*Public charities defined.  Gifts for purely public charities as distinguished from
bequests or devises "solely for benevolent purposes."  General nature and
character of "public charities."  Motive of donor as affecting
public charity.*

Bill in equity to construe the sixth paragraph of the will of the testatrix which
reads as follows:

"As a memorial to my late beloved brother C. F. Wentworth, I give to the town
of Appleton, in trust however, the sum of six thousand dollars which is already
on deposit in the Rockland Savings Bank, Rockland, Maine, for the purposes
hereinafter named, and I hereby direct the executor of this will to  deposit
such balance as remains in his hands from sale of said property after the pay-
ment of all legacies and all expenses, in said bank to the credit of said town to be
used for said purposes only, said fund to be known as the C. F. Wentworth
Memorial Fund; said fund shall be kept in said bank so long as said bank shall
exist, then to be deposited in some safe institution as the selectmen of said
town shall determine, the annual interest or income of said fund or so much of
the same as shall be found necessary, shall from time to time be distributed
or be expended in the purchase of fuel or other necessities of life to be given or
sold at low prices as shall be deemed best by said selectmen,  to such worthy
and industrious persons as are not supported wholly or in part at the public
expense but who need some aid in addition to their own labor to enable them
to sustain themselves during the inclement season of the year, such aid to be
afforded in the most private manner possible and the names of the recipients
withheld from the public.  .  .  .  .  And it is the especial request of the
donor to this fund that no idler, loafer, gambler or drunkard receive any bene-
fit of said fund."

*Held*:

1.    That this bequest is not void for indefiniteness or uncertainty.
2.    That a charitable bequest, in the legal sense, is a gift to be applied consist-
ently with existing laws for the benefit of the persons or classes specified,
either by bringing their minds or hearts under the influence of education or
religion, by relieving their bodies from disease, suffering or constraint, by
assisting them to establish themselves in life or by erecting or maintaining
public buildings or works, or otherwise lessening the burden of  government.

3.  That the bequest under consideration contains the necessary elements of a public charity, the relief of the deserving needy in time of stress and is created for the benefit of an unascertained body of individuals, the beneficiaries being a portion or class of the community.

4.  The fact that the bequest is made as a private memorial to a relative does not impair its public character or affect its legal validity.

Bill in equity asking for the construction of paragraph six of the will of Helen R. Wentworth. Cause was heard on bill and answers. Questions of law having arisen of sufficient importance to justify the same, the cause, by agreement of parties, was reported to the Law Court for its determination. Bill sustained with costs. Decree in accordance with opinion.

Case stated in opinion.

*J. H. Montgomery,* for plaintiff.

*Charles T. Smalley,* for H. C. Pease, Exr. and Inh. of town of Appleton.

*F. B. Miller,* for Rockland Savings Bank.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, MADIGAN, JJ.

CORNISH, J. The sixth paragraph of the will of Helen R. Wentworth, late of Appleton, deceased, which this court is asked to construe, reads as follows:

"As a memorial to my late beloved brother C. F. Wentworth, I give to the town of Appleton, in trust however, the sum of six thousand dollars which is already on deposit in the Rockland Savings Bank, Rockland, Maine, for the purposes hereafter named and I hereby direct the executor of this will to deposit such balance as remains in his hands from sale of said property after the payment of all legacies and all expenses, in said bank to the credit of said town to be used for said purposes only, said fund to be known as the C. F. Wentworth Memorial Fund; said fund shall be kept in said bank so long as said bank shall exist, then to be deposited in some safe institution as the selectmen of said town shall determine, the annual interest or income of said fund or so much of the same as shall be found necessary shall from time to time be distributed or be expended in the purchase of fuel or other necessities of life to be given or sold at low prices as shall be deemed best by said selectmen to such worthy and

industrious persons as are not supported wholly or in part at the public expense but who may need some aid in addition to their own labor to enable them to sustain themselves during the inclement season of the year. Such aid to be afforded in the most private manner possible and the names of the recipients withheld from the public. In no event shall any part of the principal be expended for this or any other purpose and all interest on said fund which is unexpended at the end of each fiscal year (meaning the time of settling town accounts) must be added to the principal, and it is the especial request of the donor of this fund that no idler, loafer, gambler or drunkard receive any benefit of said fund." Then follow provisions as to the method of accounting which are immaterial in this discussion.

The question at issue is the validity of this gift, which must be upheld, if at all, as a charitable bequest. Such bequests are always favorites of the law.

The accepted definition of a public charity is that given by the Massachusetts Court in a leading case in these words: "A charity in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or- constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burden of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature." *Jackson* v. *Phillips*, 14 Allen, 539-556.

The heirs at law contend in the first instance that this bequest is void for uncertainty. This claim is without foundation and the authorities cited by the learned counsel for the plaintiffs are clearly to be distinguished.

Thus in *Chamberlain* v. *Stearns*, 111 Mass., 267, the trust was to be applied "solely for benevolent purposes." The court held that the word "benevolent" as used in that bequest, unqualified and unrestricted by the context, included not only purposes deemed to be charitable under the accepted legal definition but also those objects which bear no relation to a public charity, such as acts dictated by kindness, good will or a disposition to do good, which cannot be

deemed charitable in a technical and legal sense. The bequest was therefore held void.

In *Nichols* v. *Allen*, 130 Mass., 211, there was no restriction to the objects of the trust except that they must be "such persons, societies or institutions as they" (the trustees) "may consider the most deserving." The court held that the word "deserving" denoted worth or merit without regard to need or condition and was not limited to the persons or the objects that come within the well recognized class of charitable uses. That bequest was accordingly held void. These cases illustrate the principle that a trust, which by its terms may be applied to objects not charitable in the legal sense, is too indefinite to be carried out.

In *Kent* v. *Dunham*, 142 Mass., 216, a trust was created "for the aid and support of those of my children and their descendants who may be destitute and in the opinion of said trustees need such aid." Here there was clearly no public object, and one element of a public charity was held to be lacking.

The bequest under consideration contains all the necessary elements of a public charity as before defined. The trust is charitable in its nature, the relief of the needy in time of stress, and is created for the benefit of an unascertained, uncertain and fluctuating body of individuals in which the beneficiaries are a portion or class of the community. Bequests strikingly similar have been upheld: "To be divided among the poor colored people of the city of Lynn." *Atty. Gen.* v. *Goodell*, 180 Mass., 538. "To the suffering poor of the town of Auburn." *Howard* v. *American Peace Soc.*, 49 Maine, 288. "To the town of Skowhegan for the worthy and unfortunate poor and to save them from pauperism." *Dascomb* v. *Marston*, 80 Maine, 223.

In fact, gifts far more general and indefinite in their terms have been sustained as charitable bequests. *Everett* v. *Carr*, 59 Maine, 325; *Fox* v. *Gibbs*, 86 Maine, 87; *Dunn* v. *Morse*, 109 Maine, 254; *Saltonstall* v. *Sanders*, 11 Allen, 446. *Weber* v. *Bryant*, 161 Mass., 400.

The intention of the testatrix is clear. She desired that the objects of her bounty should be not the shiftless, nor the intemperate, nor the gamblers, whose poverty could be relieved by the municipality; but those worthy people in her own town whose means fall just short of a comfortable support and who, though deprived of some of the

necessities of life, would bear their deprivations in silence rather than feel the shame of public pauperism. They may have seen better days and through misfortune or ill health are brought low financially in spite of their industry and yet their pride would forbid their being recipients of public charity. It is this needy class that is embraced within the scope of this bequest, and not only the deserving recipients but also the manner in which the benevolence is to be carried out render the trust a most needed and commendable form of public charity, and one that should be encouraged. Its validity is clear.

In the second place the heirs attack the validity of this bequest because as they allege, the property is devoted to a memorial or monument to the brother of the testatrix. Were this fund to be established for the preservation, adornment and repair of a private monumental structure, it would indeed be void, as creating a use not charitable. *Bates* v. *Bates*, 134 Mass., 110. But the mere fact that a gift for a charitable purpose is intended by the donor also as a private memorial to some relative or friend does not impair its public character or affect its legal validity. *Eliots Appeal*, 74 Conn., 586; *In re Smith Est.*, 181 Pa. St., 109; *Jones* v. *Habersham*, 107 U. S., 174; *Atty. Gen.* v. *Belgrave Hospital*, L. R., 1, Ch. Div., 73 (1910); *Richardson* v. *Essex Inst.* 208 Mass., 311, and note 21 A. & E. Ann. Cas., 1159.

The motive which inspires a lawful act does not make it unlawful, especially when that motive is commendable. The gift here is made in memory of a brother and in that sense, and that alone, is a memorial. Such gifts are common, as in *Webber Hospital Association* v. *McKenzie*, 104 Maine, 320.

Our answer therefore to the question propounded is that the bequest under consideration is valid.

The executor, the Inhabitants of the town of Appleton, and the Rockland Savings Bank are each entitled to recover one bill of costs to be paid out of the estate, and also the three heirs at law who are to be treated as one party.

*Decree accordingly.*