ROYAL NELSON WHITE, executor, &c.,

*v.*

MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK et al.

[Decided January 31st, 1918.]

Where a bequest was made to "the fresh air fund of the city of N.," there being in such city no incorporated or unincorporated body of that name, the court will, nevertheless, sustain the gift and appoint a trustee to give effect to it.

On bill, &c.

*Mr. Scott German,* for the executors.

*Mr. Robert H. McCarter,* for the heirs.

*Mr. William T. Carter, Jr.,* for the Newark Female Charitable Society.

*Mr. Jerome T. Congleton,* for the city of Newark.

STEVENS, V. C.

The testator, Chester R. White, by his will provided as follows:

"I give the interest of five thousand dollers to the fresh air fund of Newark to be used evey summer for special needy cases that need to be sent right away not to go in the general fund * * the money I give to the fresh air fund of Newark N. J. to be put out at interest if not al-ready invested."

The claim is that the gift is invalid.

It is to be noted that the gift is directly to the fresh air fund and not to a trustee. As far as appears there is in Newark neither an incorporated nor an unincorporated body called the

Fresh Air Fund, and the evidence fails to show the existence of any permanent fund of that description. All that appears is that the Female Charitable Society of Newark has a fresh air fund committee, whose duty it is to obtain special contributions each summer to carry on the work of sending poor children and adults to the country for an outing; and the city of Newark appropriates $10,000 each year for a similar purpose out of money derived from taxation. It may be that some of the Newark churches and institutions raise and apply money for a like object. The evidence fails to show that testator in his lifetime ever gave money to any fresh air fund, or that he had anything to do with any society that dispensed such a fund.

Under these circumstances, the first question is whether a gift to a fresh air fund is a gift to charity. Such a fund is, according to the well-understood meaning of the expression, one used to send poor children and needy adults from the city into the country for an outing, especially during the hot weather. Its purpose being the physical and moral improvement of the poor and destitute, it easily falls well within the designation charity, as that term is understood in the law.

Then the question arises whether the purpose of the gift being charitable there is any legal difficulty in giving effect to it. The only difficulty that suggests itself is that no trustee has been appointed to administer the fund; but the well-known rule is that a court of equity will not permit a trust, and especially a charitable trust, to fail for want of a trustee.

In the cases on this subject there is a clear distinction between gifts to charity generally and gifts to a charitable object definitely indicated. Where a testator gives to charity generally he must, according to American law, constitute a trustee to select the objects. Having no prerogative powers, the courts will not give effect to such a bequest, either by appointing a trustee to make the selection or by making it themselves. *Perry Trusts* § *719; Hesketh* v. *Murphy, 36 N. J. Eq. 304.* In *Norcross* v. *Murphy, 44 N. J. Eq. 522,* there was a bequest of the residue "for further consideration in the way of charitable purposes," and Chief-Justice Beasley said: "The bequest is void, as the

gift is general, and there is no testamentary designation of a person to select the object of the benefaction."

On the other hand, if the bequest be for a specific object and no trustee be appointed, the court will nominate one. This was decided by Vice-Chancellor Grey in *Brucre* v. *Cook, 63 N. J. Eq. 634 (affirmed on appeal, 67 N. J. Eq. 724,* for the reasons stated in the opinion below). He says: "The misnomer of the legatee who should, in the first place, receive and apply the fund, or the selection of one who does not have the power or equipment to carry the testator's intention into effect, *or even the entire omission in any way to indicate a person or corporation* to whom payment of the fund could primarily be made, will not defeat such a gift, if the testator's ultimate object is lawful and is definitely indicated. Equity will not permit a lawful trust to be defeated for want of an efficient trustee."

In the case cited the body designated by the testator did not exist. Consequently, the bequest stood, as it does here, with no trustee appointed. But if the court had the power to appoint there it must here. The bequest is in all respects specific—as specific as the ordinary case of a bequest to the poor of a designated town. It is the fresh air fund of Newark that is named— a fund for the needy cases in that municipality. The books are full of cases in which the poor of a town have been the object of testator's bounty, and where if no trustee has been named, or some one has been named who could not take, the court has made the appointment. The following, among others, are New Jersey cases illustrating the subject: *McBride* v. *Elmer, 2 Halst. Ch. 107; Mason's Executors* v. *Trustees of M. E. Church, 27 N. J. Eq. 47; Brown* v. *Pancoast, 34 N. J. Eq. 321; Green* v. *Blackwell 35 Atl. Rep. 375; Trenton Society* v. *Howell, 63 Atl. Rep. 1110,* and see *Kerrigan* v. *Tabb, 39 Atl. Rep. 701.*

The attorney-general having been made a party it will be proper for me to hear counsel on the appointment of a trustee. *Trenton Society* v. *Howell, supra; Lanning* v. *Commissioners of Public Instruction, 63 N. J. Eq. 2.*