The bill in this cause was filed by Elizabeth H. Brown, claiming to be the nearest kin and heir-at-law of Frank Elkinton, and seeking to have declared void the third and fifth paragraphs of his will. In her bill, she named Harold Paul Coxson, the executor of the will, as the only defendant. By the answer and counter-claim filed by the defendant, it is denied that the complainant is the nearest of kin, and it is alleged that the decedent was survived by numerous relatives, an uncle, and cousins of various degrees of relationship, both of the whole and half-blood, and other heirs-at-law and next of kin, many of whom are named in the answer, and all of whom appear to have been brought in as parties in this cause.
The purpose of the bill and the answer and counter-claim of the defendant, and the answers of such defendants who have appeared and answered, is to obtain a construction of the terms of the will.
The will is dated August 10th, 1932, and has been admitted to probate, and after directing payments of debts and funeral expenses, provides as follows:
"Second: To all my known living relatives I leave the sum of one dollar each.
Third: The balance of my Estate, both real and personal, I wish to have placed in a Trust Fund the interest on which shall be used at the sole discretion of Trustee for charitable purposes.
Fourth: I appoint Dr. Harold Paul Coxson of Stratford, New Jersey as the Trustee of the above named Trust Fund.
Fifth: At the expiration of ten years the Trustee may use the principal of this Trust Fund for whatever purpose he may deem it necessary.
Sixth: I appoint Dr. Harold Paul Coxson as my sole Executor without Bond." *Page 116 
The third and fifth paragraphs of the will are sought to be construed; as to the third paragraph, whether a valid charitable trust is created, and whether by the fifth paragraph of the will, any trust whatever was created, or whether the residue of the estate was by said paragraph given absolutely to Harold Paul Coxson named as executor and trustee, or whether there was an intestacy as to both the third and fifth paragraphs, or as to the latter one. The testator was sixty years of age when he died; his wife had shortly before predeceased him, and his brother Charles had also predeceased him. A large part of decedent's estate was inherited from this brother. At the time of his death he had no relatives nearer than a first cousin, and there was no proof made at the hearing by which the court could determine just how many relatives would be entitled to participate in his estate if he had died intestate; there were named as defendants, approximately one hundred and sixty persons who might be interested in the estate.
Dr. Harold Paul Coxson, the defendant, and the executor named in the will, was the testator's family physician for some time before testator died, and it would appear that testator reposed confidence in his judgment and honesty because of the discretion given him as trustee by the will, as well as the reference to his serving as executor without bond. The will was typewritten on two sheets of paper, letterheads of the testator. There was no testimony to show by whom the will was written and it was apparently not drafted by a lawyer or anyone experienced in the drafting of wills; it is possible that the will was prepared by the testator and typewritten by someone else for him.
It cannot be seriously argued that the language contained in the third paragraph of the will is so indefinite and uncertain as to invalidate the same. This paragraph provides for the residue of the estate to be placed in a trust fund, and directs that the interest should be used at the sole discretion of the trustee for charitable purposes. Undoubtedly this paragraph of the will creates a valid trust of the income, at least for a period of ten years, which income is directed to be used *Page 117 
for charitable purposes. The trustee is given full power to select beneficiaries in his discretion to disburse this income. The gift can only be sustained upon the theory that it constitutes a gift to a charitable use, and it will not fail because the donor has not pointed out the particular beneficiaries to whom he designs his bounty to go, provided he has endowed some person with express or implied power to select such beneficiaries, and the power to dispense the fund carried with it by implication the power to select. Hyde's Executors v.Hyde, 64 N.J. Eq. 6. The third paragraph therefore creates a valid trust for charitable uses capable of being executed.
The fifth paragraph of the will, in my opinion, must be read in conjunction with the second, third and fourth paragraphs. It is quite obvious from the second paragraph that testator's purpose was to give to his known living relatives only the sum of $1 each, and he probably had in mind the erroneous idea which is sometimes prominent in the minds of persons not familiar with the law relating to wills, that it is necessary to make at least a nominal bequest to relatives when it is the purpose to bequeath the estate to others than such relatives.
In construing a will, the presumption of law is against intestacy, and all doubtful questions should be resolved in favor of the validity and operative effect of the will and against intestacy or partial intestacy. Yawger's Executor v. Yawger,37 N.J. Eq. 216; Carter v. Gray, 58 N.J. Eq. 411; Bruce v.Bruce, 90 N.J. Eq. 573; reversing, Ibid. 118.
It would seem, therefore, that the testator had no thought in mind that his estate should go to his relatives.
The language of the fifth paragraph of the will rather opposes the view that he intended that after ten years Dr. Coxson personally should become the absolute legatee and devisee of the residuary estate, even though that paragraph giving him power to use the principal of the trust fund for whatever purpose he may deem it necessary, might, standing alone, be so construed; but when the fifth paragraph is read in conjunction with the third paragraph, as I think it must be, in order to arrive at the intention of the testator, it seems clear to me that testator had in mind that Dr. Coxson was to *Page 118 
be a trustee only and could be relied upon to dispose of his estate for charitable purposes, and that he wished to have him use the interest from the trust fund for such purposes and have the authority, at the expiration of ten years, to use the principal for whatever similar purpose he might deem it necessary. If the fifth paragraph had stated that the principal should be used for whatever "charitable" purpose as might be deemed necessary, then there would have been no question but that this paragraph would be a proper disposition; but, notwithstanding the omission of this word "charitable" in the fifth paragraph, I have reached the conclusion that by the third paragraph there was lodged in the trustee sole discretion to use the interest of the trust fund for charitable purposes and the same discretion, after ten years, to so use the principal. During this ten-year period, it will be noted that the discretion was lodged in the trustee to use the interest for charitable purposes and apparently the testator had in mind that after that time the trustee might deem it necessary to use the whole trust fund for one charitable purpose. The use of the word "purpose" in its singular form, and coupled with a discretion in the trustee to use the principal after ten years, while under the third paragraph of the will he could continue without interruption to use the interest of the trust fund indefinitely for charitable purposes, clearly indicates to me that the intention of the testator was that his whole residuary estate should be used for charitable purposes and in the discretion of the trustee, and I think that the language of the will, reading it in its entirety, and with proper regard for the relationship of one paragraph to another, justifies this conclusion.
Certainly, if the testator had intended that Dr. Coxson should personally and individually take the balance of his estate after this ten-year period, he would not have referred to him in this paragraph as "the trustee" in making such a gift.
Reaching these conclusions, it is unnecessary for me to determine who are the next of kin and heirs-at-law of decedent.
The decree will be in accordance with these conclusions. *Page 119