[Civ. No. 10498. First Appellate District, Division Two.—April 24, 1937.]

In the Matter of the Estate of CATHERINE DeMARS, Deceased. ANNIE M. KABISIUS et al., Appellants, v. COLONEL ROGER BROOKE, as Trustee, etc., Respondent.

Frank S. Broderick, Louis B. De Avila, Ridley D. Stone, Jr., and McKee, Tasheira & Wahrhaftig for Appellants.

C. B. Mickelwait and Raymond T. Donohue for Respondent.

NOURSE, P. J.—Catherine DeMars died leaving an holographic will in which the residuary clause read, "Any amount left go to the poor soldiers Letterman Hospital." After a full hearing the probate court found that the testatrix intended the residue to go in trust for the poor soldiers of the Letterman General Hospital, in San Francisco, and ordered distribution thereof to the commanding officer of the hospital, as trustee. The heirs at law appeal from this portion of the decree, and the single question involved is whether this bequest created a valid charitable trust.

We start with the finding of the probate court that the bequest was intended for the Letterman General Hospital, an institution maintained by the federal government in San Francisco for the treatment and benefit of soldiers, and that many of these were poor and unable to provide themselves with the necessities of life. It is in evidence that the testatrix had been a member of a relief organization actively engaged in aiding these soldiers. We next have the concession of appellants that, if a valid charitable trust has been created by the will, it will not fail because no trustee was named in the will.

The validity of the bequest as a charitable trust is attacked upon the grounds that the will did not declare in certain language that a trust was intended, that the beneficiaries are unnamed, and that the duties of the trustees are indefinite. The question of the intention of the testatrix is a mixed question of law and fact which the probate court determined

adversely to appellants. Viewing the evidence and the surrounding circumstances, we must hold that the intention of the testatrix to create a trust is clear. The rule applicable is found in Restatement of the Law of Trusts, section 397f, which reads: ''If the owner of property devises or bequeaths it for charitable purposes and not only does not name a trustee but also does not use language indicating that the property is to be held upon trust, nevertheless a charitable trust will be created. In such a case the court will appoint a trustee to administer the trust. The executor of the will will be permitted to act as trustee if the testator manifested an intention that he should so act. Thus, if a testator directs that a certain sum shall be used to aid needy students, or to assist the poor, or to promote religion, a charitable trust is created. It is not essential to the validity of the charitable trust that the charitable purpose should be specifically designated. Thus, if a testator bequeaths a certain sum 'to charity' a charitable trust is created.''

Authorities might be multiplied supporting the text that a bequest to be used ''to aid needy students, or to assist the poor or to promote religion'' creates a charitable trust though the individual beneficiaries are not named. (See Bogert Trusts and Trustees, p. 1143; *Klumpert* v. *Vrieland,* 142 Iowa, 434 [121 N. W. 34] ; *Attorney General* v. *Goodell,* 180 Mass. 538 [62 N. E. 962] ; *Howard* v. *American Peace Soc.,* 49 Me. 288, 305; *Heuser* v. *Harris,* 42 Ill. 425, 437; *Hood* v. *Dorer,* 107 Wis. 149 [82 N. W. 546, 548] ; *State* v. *Gerard,* 37 N. C. 210, 220.) Gifts of this character are held to be ''gifts to a charitable object definitely indicated'' (*White* v. *Mayor etc. of City of Newark,* 89 N. J. Eq. 5 [103 Atl. 1042]), and not gifts to charity generally. As such they are charitable gifts to a specified class of beneficiaries, and it is often a primary requisite determining the charitable nature of the class that the beneficiaries be uncertain and indefinite.

We are not unmindful that many cases have been cited by appellants rejecting bequests of this character, generally upon the ground that the bequest was a gift to charity generally and hence too indefinite to create a trust. But we are controlled by the well accepted and liberal view in this state that the intentions of a will are to be given effect and enforced where legal. We have no difficulty in holding that the testatrix intended her gift to be used for the benefit of such poor

soldiers in the hospital as the officials in charge should determine in need of assistance, and that the bequest was to that class of charitable patients, and to that class only.

The failure to designate the duties of the trustee and the method of his selection of beneficiaries does not affect the validity of the trust. The rule of liberal construction of gifts to charity is stated in 26 R. C. L., page 1252, as follows: ''It is now fully recognized that gifts to charitable uses are to be highly favored, and will be most liberally construed in order to accomplish the intent of the donor, and trusts for such purposes may be established and carried into effect where, if not of a charitable nature, they could not be supported.'' This rule has been followed consistently in this state. (*Collier* v. *Lindley*, 203 Cal. 641 [266 Pac. 526]; *Estate of McDole*, 215 Cal. 328 [10 Pac. (2d) 75].) The appellants do not question the power of the probate court to apply these equitable principles to the interpretation of the bequest before us. A liberal construction requires the conclusion that the testatrix intended the trustee to use his discretion in the use of the fund for the benefit of these soldiers just as she intended that the Roman Catholic Archbishop should use his discretion in the use of the separate funds left to the St. Patrick, the St. Anthony and the St. Elizabeth churches, and that the trustees of the Little Sisters of the Poor should use the land devised to them.

The portion of the decree appealed from is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 24, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 21, 1937.