Miss Irene Henry died in 1941, leaving a last will and testament by which she disposed of her residuary estate in these words: *Page 569 
"I hereby direct and empower my executor or executors of this my last will and testament to distribute the residue of my estate to such charities that he or they may feel are worthy and those that he or they may feel that I would be interested in."
She named her legal adviser, William M. Untermann, and her niece, Mrs. Mary F. Peters, executors. Mrs. Peters predeceased testatrix. Mr. Untermann accepted the burden of administering the estate, but died in 1944, without having selected the charities to take the residuary estate. A substituted administrator with the will annexed now asks the court what to do with the residue.
"A court's attitude in the consideration of a bequest intended for a charitable purpose should be in favor of the charity rather than against it. The court should take a friendly, not a hostile, attitude toward the gift. It should be the aim of the court to execute the testator's intent by sustaining the trust, rather than to overthrow it, if it can be sustained without violating well-recognized and established principles of the law." Noice
v. Schnell, 101 N.J. Eq. 252.
The validity is well established of a testamentary bequest to "such charitable organizations, associations or institutions as my said executors may deem worthy." King v. Rockwell, 93 N.J. Eq. 46.
Or to be "used at the sole discretion of trustee for charitable purposes." Brown v. Coxson, 118 N.J. Eq. 114;119 N.J. Eq. 86. The residuary clause of Miss Henry's will operated as a bequest to such charities as the executor might appoint. The only question is whether her charitable intention has been nullified by the failure of Mr. Untermann to exercise the power of selection.
Vice-Chancellor Stevens, in White v. Newark, 89 N.J. Eq. 5,
noted the distinction between gifts to charity generally and gifts to a charitable object definitely indicated. A gift to charity generally is valid only if testator constitutes a trustee to select the objects. "Having no prerogative powers, the courts will not give effect to such a bequest, either by appointing a trustee to make the selection, or by making it themselves." Where testator does not himself designate the object of his charity, or authorize another to name the object, his attempted gift is too uncertain to be effective. To complete *Page 570 
the will by inserting a beneficiary is not a strictly judicial function. In England, in early times, the Chancellor did perform this duty, but he is thought to have acted as agent of the King, who had the power, by virtue of his prerogative, as parenspatriae. Hesketh v. Murphy, 36 N.J. Eq. 304. This rule determines whether a testator has made a valid gift to charity. If he has done so, the executor takes title burdened with the charitable trust, and the equitable jurisdiction of Chancery, immediately upon probate of the will, is available for the enforcement of the trust, indefinite as the trust may be. For example, the court may be called upon to prevent the executor from applying the fund to his own use, or distributing it among the next of kin. Jurisdiction does not await or depend upon the trustee's exercise of his power to select a particular charity, nor is jurisdiction lost by the death of the trustee. The charitable disposition remains effective unless testator intended that the trust should fail, if the very person named by him made no selection. Where such intention is not found, the court will either name a new trustee to make the selection, or will itself designate the charities to take the fund. Restatement — Trusts, § 397; 14 C.J.S. 455; Smith v. Pond, 90 N.J. Eq. 445 (reversed on another point, 92 N.J. Eq. 211).
Did Miss Henry intend, in the event her "executor or executors" should not appoint the charities, that her charitable bequest should fail and that her residuary estate should go to her next of kin? I cannot think so. Selection by the executors was merely a means for accomplishing her dominant purpose, namely, to benefit "charities that * * * are worthy and * * * that I would be interested in." The last clause gives me some difficulty for testatrix doubtless believed that her executors' familiarity with her preferences would enable them to select charities to her liking. But her primary object was to help worthy charities, and that object will be fulfilled under the guidance of the court.
I doubt whether complainant as administrator, is empowered to make the choice, so he will be appointed trustee for the purpose and will be directed to propose to the court a distribution of the estate. Perhaps, by informal inquiry, *Page 571 
be can learn the names of some charities Miss Henry was in the habit of contributing to, or in which she took an active part.