[Civ. No. 30790.   Second Dist., Div. Four.   Nov. 29, 1966.]

Estate of SARAH MARY CAFFERTY, Deceased. WILLIAM MARTIN, as Executor, etc., Petitioner and Respondent, v. THOMAS C. LYNCH, as Attorney General, Objector and Appellant; PATRICK CAFFERTY et al., Claimants and Respondents.

Thomas C. Lynch, Attorney General, and Carl Boronkay, Deputy Attorney General, for Objector and Appellant.

No appearance for Petitioner and Respondent.

Henry P. Crabtree, in pro. per., for Claimants and Respondents.

BISHOP, J, pro tem.*—The Attorney General of the state has appealed from a part of the decree made in response to the petition of the executor of the will, who had prayed that the court "determine who are entitled to distribution of the estate." (Section 1080, Prob. Code.) The particular provision of the will that created the need for guidance was this one, which followed some eight specific bequests: "Balance of my estate to be divided between help for the blind the Lepor Colony & Brightside orfonage Holyoke Mass."

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

The decree recited, among other things, that by the words just quoted the testatrix intended the residue of her estate to be divided into three equal parts, one third to go to Brightside Orphanage, one third to Maryknoll Fathers, who operate a leper colony, but that the words "help for the blind" were "too vague, indefinite and ambiguous, to constitute a charitable bequest, or a charitable trust," and that the third of the bequest dependent upon them was to be distributed to the various relatives designated by sections 225, 228 and 229 of the Probate Code. It was from the part of the decree last mentioned that the Attorney General appealed.

Preliminarily we note that the decree recites that evidence was taken but the record before us contains no part of it. The parties have argued their causes on appeal, however, without questioning appellant's unequivocal statements that "The sole issue presented by this appeal is whether or not (the) bequest for 'help for the blind' is valid. No factual matters are involved and hence the issue is purely one of law. As such this honorable court is not bound by the adjudication of the court below. *Estate of Mayer,* 237 Cal.App.2d 549, 551 [47 Cal.Rptr. 44, 45]." We shall proceed upon the same theory and, as we are persuaded we may and should do, we are reversing that portion of the decree from which the appeal has been taken.

Without question, the words used by the testatrix leave several matters at loose ends. Who is to receive from the executor the one-third-of-the-balance which is to be used for "help for the blind"? What manner of help is to be given? What persons are to receive it? Were it not for the guiding and controlling precedents it might well be held that the words used were too indefinite and uncertain in objectives to be given effect.

We are not without those precedents, however. We shall note but two of them. In *Estate of De Mars* (1937) 20 Cal. App.2d 514 [67 P.2d 374], the residue of the estate was disposed of by the following words: "Any amount left go to the poor soldiers Leterman Hosital." The probate court held that the residue should go to the commanding officer of Letterman General Hospital, and certain heirs at law appealed. We find it helpful to note some of the things said: (20 Cal.App.2d p. 515 [67 P.2d 375].) "The validity of the bequest as a charitable trust is attacked upon the grounds that the will did not declare in certain language that a trust was intended, that the beneficiaries are unnamed, and that the duties of the trustees are indefinite. The question of the intention of the testatrix is a mixed question of law and fact which the probate court

determined adversely to appellants. Viewing the evidence and the surrounding circumstances, we must hold that the intention of the testatrix to create a trust is clear. The rule applicable is found in Restatement of the Law of Trusts, section 397f, which reads: 'If the owner of property devises or bequeaths it for charitable purposes and not only does not name a trustee but also does not use language indicating that the property is to be held upon trust, nevertheless a charitable trust will be created. In such a case the court will appoint a trustee to administer the trust. The executor of the will will be permitted to act as trustee if the testator manifested an intention that he should so act. Thus, if a testator directs that a certain sum shall be used to aid needy students, or to assist the poor, or to promote religion, a charitable trust is created. It is not essential to the validity of the charitable trust that the charitable purpose should be specifically designated. Thus, if a testator bequeaths a certain sum "to charity" a charitable trust is created.' "

We select just two more passages from the *De Mars* opinion. The first has to do with the objection that the beneficiaries are not identified. The court said: (20 Cal.App.2d 516 [67 P.2d 376].) "Authorities might be multiplied supporting the text that a bequest to be used 'to aid needy students, or to assist the poor or to promote religion' creates a charitable trust though the individual beneficiaries are not named. [Citing cases.] "

Again we read: (20 Cal.App.2d 517 [67 P.2d 376].) "The failure to designate the duties of the trustee and the method of his selection of beneficiaries does not affect the validity of the trust."

We are not unmindful of the fact that evidence was taken and made use of in the case just reviewed. No doubt the proper spelling of the name of the hospital involved was one result of the testimony. Much of the comments of the court depend for their validity, however, not on any evidence that could have been before the trial court. In any event, the *De Mars* case was an authority relied upon in *Estate of Rollins* (1958) 163 Cal.App.2d 225 [328 P.2d 1005, 1007], a case like ours in several respects: there was no extrinsic evidence to be considered in interpreting the words in question; the probate court failed to give effect to the words and they pose a very similar problem to that before us. The residuary clause in the *Rollins* will declared: "The remainder to go some charitable institution, or research fund, or for a suitable memorial to my

mother and father (no statue or monument)." The probate court's decree, which held this attempt to dispose of the residue invalid, was reversed, and we make use of this passage in the reviewing court's opinion: (163 Cal.App.2d 227 [328 P.2d 1007].) "The parties impliedly concede that this provision, lacking certainty in its denomination of legatees, can be sustained only under the rules applicable to charitable trusts. Such a trust may exist even though no trustee is named and no intent to create a trust is stated. (Rest., Trusts, § 397(f); *Estate of Faulkner,* 128 Cal.App.2d 575 [275 P.2d 818]; *Estate of De Mars,* 20 Cal.App.2d 514 [67 P.2d 374].)"

Both the *De Mars* opinion and that in *Estate of Rollins, supra,* 163 Cal.App.2d 225 [328 P.2d 1005] cite as an authority subdivision (f) of section 397 of the Restatement of Trusts. That subdivision is, in the revised edition, subdivision (e) and is worthy of a place in our thoughts: "e. *Direct gift to charity.* If the owner of property devises or bequeaths it for charitable purpose, and not only does not name a trustee but also does not use language indicating that the property is to be held upon trust, nevertheless the disposition is valid. Thus, if a testator bequeaths a certain sum 'to charity', a charitable trust is created. So also, a charitable trust is created where the testator directs that a certain sum should be used to aid needy students, or to assist the poor.

"In such cases the court will either appoint a trustee to carry out the purpose or will approve a scheme to carry it out."

█ We do not doubt, as we read the will in this case, with its specific bequests to two nephews, to a brother-in-law, to a church for certain masses, to an individual for other masses, to clerics for help to lepers, and for an orphanage, that the provision for "help for the blind" was a charitable bequest, contemplating its receipt and expenditure in trust, and that the doctrine of cy pres, applied in the cases, should have been applied to it.

The portion of the decree of distribution from which the appeal has been taken by the Attorney General is reversed, with directions to take steps leading to an amendment of the decree in harmony with this opinion.

Jefferson, Acting P. J., and Kingsley, J., concurred.

The petition of the claimants and respondents for a hearing by the Supreme Court was denied January 25, 1967.