**Florence C. MILLER, Lois P. Jones and James M. Perry**

v.

**The INHABITANTS OF the TOWN OF FRIENDSHIP and Granville E. Carleton.**

Supreme Judicial Court of Maine.

May 19, 1970.

David A. Nichols, Camden, for plaintiffs.

Christy C. Adams and Joseph B. Pellicani, Rockland, for Town of Friendship.

Samuel W. Collins and Wayne R. Crandall, Rockland, for Carleton.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, WEATHERBEE and POMEROY, JJ.

POMEROY, Justice.

For the second time since the death of Florence B. Hahn, late of Friendship, Maine, on December 28, 1957, we are concerned with a question arising out of the residuary clause of her Will.

By her last Will and Testament, allowed by the appropriate Probate Court in 1958 she bequeathed and devised the residue of her Estate *"to the Town of Friendship, Maine, to be added to the Community Building Fund and to be used for the erection*

and maintenance of a Community Building for the Town of Friendship, Maine."

In the same instrument she said: *"It is my wish that a plaque of some kind be placed in the building in memory of my late husband, Dr. William H. Hahn."*

In 1968 this Court construed her Will as creating *"a trust [limited] for an express and limited charitable purpose, 'the erection and maintenance of a Community Building' in which her late husband would be suitably memorialized."* (Perry v. Town of Friendship, Me., 237 A.2d 405.)

The claim was then asserted that the Trust had failed and there should be a reverter to the heirs of the donor in accordance with 30 M.R.S.A. 1903.

The case was then before the Court on appeal from a denial of the Plaintiff's Motion for Summary Judgment. The Court at that time sustained the appeal and remanded, saying:

*"The Court must know when these funds came into the hands of the trustee and what are all of the surrounding circumstances. If a reasonable time has not already elapsed, what plans are there for carrying out the wishes of the testatrix and do they have reasonable assurance of success within a reasonable time? The court has now jurisdiction of the parties and the trust funds and should not leave the case in such posture that the trustee can hold the fund indefinitely in suspended animation. We cannot determine upon this record whether or not the trust has as yet failed, or whether or not the charitable purpose declared by the testatrix can and will be accomplished."*

Further proceedings were had in the Superior Court. That Court, after hearing the evidence presented, declared in part as follows:

*"I am satisfied that the Town can and will accomplish the purpose of the Hahn gift, and within a reasonable time following a cessation of litigation. Thus, to insure against claims of delay this Court finds that the defendants will be acting within a reasonable time, providing the proposed construction is substantially completed and ready for use and occupancy no later than fifteen (15) months following the end of the plaintiff's period of appeal from this decree. If an appeal is taken by the plaintiffs then the period of fifteen months will be tolled until such appeal is concluded.*

*"The entry shall be:*

*Judgment for the Defendant."*

This appeal followed.

The appellants say:

(1) The Court erred in finding that the testmentary trust which is the subject of this action had been applied within a reasonable time to the charitable use specified by the testatrix;

(2) The Court erred in finding that the charitable use specified by the testatrix can and will be accomplished through the testamentary trust;

(3) The Court erred in ordering judgment for the defendant(s);

(4) The Court erred in failing to find a reverter of the property of the said testamentary trust to heirs-at-law of the testatrix; and

(5) The Court erred in failing to order judgment for the Plaintiffs.

Upon a hearing after the remand of January 10, 1968, the Justice of the Superior Court found these facts:

(1) The Town received the gift on December 7, 1960.

(2) The action to compel forfeiture was commenced March 23, 1965.

(3) The present worth of the gift to the Town is $102,277.51, said amount having increased in value from $46,876.42.

**610**

The parties have established by stipulation what the records of the Town indicate as to action taken by the Town voters subsequent to receipt of the trust funds. Briefly summarized, it may be said there was in the Town of Friendship at that time and now a building known as Armstrong Memorial Hall.

On March 17, 1959, the voters of the Town in legal meeting assembled, accepted the property bequeathed to the Town by Mrs. Hahn.

On June 25, 1962, the voters authorized the Selectmen to institute legal proceedings *"to make available all proceeds from the Hahn Fund for maintenance and improvement of the Armstrong Memorial Hall."*

On March 12, 1968, two months after the decision of this Court in Perry v. Town of Friendship, supra, the town voted to authorize the Selectmen to have plans prepared for the proposed building and submit them to a Special Town Meeting.

On November 19, 1968, the voters did vote to erect a community building in accordance with Mrs. Hahn's Will.

There was evidence before the Single Justice from which he could properly conclude the plans and specifications had been prepared by architects employed by the Town; an appropriate site for the building was obtained and the funds available were sufficient to build a building consistent with the wishes of Mrs. Hahn as described in her Will.

We have in mind, as did the Superior Court Justice whose findings are now on review, that Friendship is a small Town. Its voters have moved with caution. Obviously, they have painstakingly considered the economic feasibility of carrying out the donor's wishes. As the Presiding Justice observed, *"Such a Town can ill afford to say, 'We have money, let us spend it.'"* The Town meeting form of government is by its nature slow in its decision-making capacity.

We conclude the Presiding Justice was justified in finding that the delay between the acceptance of the gift and the action to bring the purpose of the gift to fruition was not unreasonable.

*"The policy of the law has long been liberal in sustaining trusts designed to carry into effect any public or charitable purpose."* Manufacturers National Bank v. Woodward (1941), 138 Me. 70, 21 A.2d 705; Bills v. Pease, 116 Me. 98, 100 A. 146.

We approve the action of the Justice below in fixing a time limit during which the proposed building must be substantially completed.

The Order of the Superior Court is affirmed.

The entry shall be,

Appeal denied.
DUFRESNE, J., did not sit.