## Archambault's Estate.

Argued April 22, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Theodore F. Jenkins,* for appellant.—The direction in a will to accumulate from the rent of the real estate mentioned in the will, a fund, the interest on which will be sufficient to pay in perpetuity the rent of pew in a church does not create a charitable bequest.

Such direction attempts to create an illegal perpetuity: Smith v. Townsend, 32 Pa. 434; Coggin's App., 124 Pa. 10; Church v. Wells, 24 Pa. 249; Kincaid's App., 66 Pa. 411; Zernosky v. Kluchinsky, 278 Pa. 99.

There can be no recovery for the rent accruing after testator's death, except so far as it can be obtained by

the remedy provided by the church itself in the sale of the pew, or by a resort to those who actually occupied it: Church v. Wells' Exrs., 24 Pa. 249, 251, 252; Craig v. Presbyterian Church, 88 Pa. 42, 51; Strickland v. P. R. R. Co., 154 Pa. 348, 355; Kincaid's App., 66 Pa. 411; Zernosky v. Kluchinsky, 278 Pa. 99.

Dimner Beeber was not a disinterested witness to the will, he being, at the time of witnessing the will, the owner of 500 shares of the capital stock of The Commonwealth Title Insurance and Trust Company, a director of that company and a trustee with that company under the will: Kessler's Est., 221 Pa. 314; Shoemaker's Est., 235 Pa. 402; Kelly's Est., 236 Pa. 54; Palethorp's Est., 249 Pa. 389; Bank of North America v. Wycoff, 4 Dallas 151; Grayble v. Turnpike Road Co., 10 S. & R. 269; Crozer v. Leland, 4 Wharton 12; Washington Beneficial Society v. Bacher, 20 Pa. 425; Phila., etc., R. R. Co. v. Hickman, 28 Pa. 318; Crozer's Est., 296 Pa. 48; Historical Society v. Kelker, 226 Pa. 16.

"Where land is devised upon a trust which is void as tending to create a perpetuity, the heir is entitled to recover": Hillyard v. Miller, 10 Pa. 326.

*J. Wesley McWilliams,* with him *Charles S. Wesley,* for the Church of the Holy Trinity, *Robert W. Archbald, Jr.,* for Home for the Aged, *George A. Maene,* for French Benevolent Society of Philadelphia, *William S. Morris,* for the Pennsylvania Society to Protect Children from Cruelty, *Howard M. Cantrell,* for the Pennsylvania Society for the Prevention of Cruelty to Animals, appellees.—The direction to accumulate a fund to provide a free memorial pew was a charitable bequest and does not violate the rule against perpetuities: Beaver v. Filson, 8 Pa. 327; Miller v. Porter, 53 Pa. 292; Archambault's Est. (No. 1), 232 Pa. 344; Speer v. Colbert, 200 U. S. 130.

It has been unequivocally decided in this jurisdiction that the rule against perpetuities does not apply to a

charitable bequest: Palethorp's Est., 249 Pa. 389; Close's Est., 260 Pa. 269.

This court has held frequently that where valid bequests can be separated from those which may be void, such separation will be enforced: Carother's Est., 300 Pa. 185.

The attesting witnesses were disinterested: Baughman's Est., 281 Pa. 23; Crozer's Est., 296 Pa. 48.

OPINION BY MR. JUSTICE DREW, June 30, 1932:

Victor E. Archambault, Jr., died December 10, 1906, leaving a will whereby he devised his real estate situate at the northeast corner of Eleventh and Market Streets in the City of Philadelphia to his executors and trustees, the Commonwealth Title Insurance and Trust Company, now merged with the Provident Trust Company of Philadelphia, and Dimner Beeber, in trust, to pay the net income therefrom (or from the proceeds of the sale thereof) to his wife, Dora B. Archambault, for life. The trustees were directed to accumulate from this income after her death, which occurred on December 10, 1930, a sum the interest of which would be sufficient to pay the rent for all time to come, of the testator's pew, number six, in the Church of the Holy Trinity in Philadelphia, to be free forever as a memorial to himself. After that fund had been set aside, the trustees were directed to pay from this income to each of four designated charities, the sum of $5,000 each, and thereafter to pay one-half of the income to his niece, Madeleine A. Hart, for life, and the remaining one-half to the rector, churchwardens and vestrymen, of the Church of the Holy Trinity, in trust, for a certain charitable purpose; upon the death of the niece, the whole of the income was to be paid to the rector, churchwardens and vestrymen of the Church of the Holy Trinity, in trust, for the purpose designated. Dimner Beeber was a witness to the will, and at the time of its execution was a stockholder and director of the Com-

monwealth Title Insurance and Trust Company, his co-executor and cotrustee under the will.

At the audit of the trustees' account, filed after the death of the widow, Virginia M. Hart, as sister and sole heir at law of the testator, made claim for the whole of the trust res, on the ground that the charitable trusts established in the will failed either because of indefiniteness, or because of violation of the rule against perpetuities, and because it was not witnessed by two disinterested witnesses. During the lifetime of the widow, the real estate was sold, and its proceeds form the subject of the present account. The auditing judge decided adversely to Mrs. Hart's contentions and in his adjudication filed July 7, 1931, awarded the principal, $632,-509.20, and the income accrued after the death of the widow, to the trustees for the purposes mentioned in the will. To this adjudication Virginia M. Hart filed exceptions, which were overruled by the orphans' court in banc, whereupon she took this appeal, assigning as error the dismissal of certain exceptions to the adjudication.

By resolution of the vestry of the Church of the Holy Trinity, adopted June 8, 1931, the church accepted the testator's gift and agreed "to hold pew No. 6 for all time to come, free forever, as a memorial to said Victor E. Archambault, Jr., upon the payment to it of the sum or rent of $106 per annum." This resolution was introduced in evidence at the audit, together with a copy of the charter and by-laws of the church.

Appellant contends that the charitable bequests fail because the will was not witnessed by two disinterested witnesses as required by the Act of April 26, 1855, P. L. 328; that the direction to set aside a sum sufficient to pay the rent for all time to come of the testator's pew is void as a perpetuity, and too indefinite to be executed; and that the residuary bequest to the Church of the Holy Trinity violates the rule against perpetuities in that it may not vest within twenty-one years after the expiration, on December 10, 1930, of the life estate given to

Dora B. Archambault, inasmuch as the sums required to be set aside for the purpose of the pew rent and the bequests of $5,000 each may not be accumulated within that period; and that such accumulation is in violation of the law against accumulations.

Appellant argues that as Dimner Beeber was named executor and trustee by the will, and was a stockholder and director of the corporation appointed as his coexecutor and cotrustee, he was not a disinterested witness as required by the Act of 1855 and, therefore, the bequests to charity must fall. There is no merit in this contention. We flatly held in Jordan's Est., 161 Pa. 393, and Kessler's Est., 221 Pa. 314, that a mere executor, one who has no interest in a charity given a bequest, is a disinterested witness within the meaning of the statute. There is no pretense here that Mr. Beeber had any interest in any charity mentioned in this will. He could have had no conceivable motive for influencing the action of testator, for which reason he had no "legal interest" which could disqualify him as an attesting witness. The same reason applies to a trustee, where, as here, he is also an executor. In Baughman's Est., 281 Pa. 23, in an opinion by Mr. Justice SIMPSON reviewing the whole subject, we made this same statement. The charitable bequests given in the will were not affected by the fact that Dimner Beeber, who is named executor and trustee, was a witness to the will.

It is urged upon us that the provision for the payment of the pew rent forever is void as a perpetuity; that since it is intended as a memorial to the testator, it is not a charity, and hence the provision of the Act of May 9, 1889, P. L. 173, that "No disposition of property. . . . . made for any religious or charitable use shall fail. . . . . . by reason of being given in perpetuity," is inapplicable. With this we cannot agree; on the contrary, we have no doubt that this bequest created a trust for a religious and charitable purpose. While any attempt to formulate a definition so specific as to comprehend every char-

itable use is sure to prove a failure, a charity in a legal sense may generally speaking, be defined as, "a gift to be applied, consistently with existing laws, for the benefit of an indefinite number of persons,—either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government." Fire Ins. Patrol v. Boyd, 120 Pa. 624, quoting from the opinion by Mr. Justice GRAY in Jackson v. Phillips, 14 Allen (Mass.) 556. See also Centennial and Memorial Association of Valley Forge, 235 Pa. 206; Taylor v. Hoag, 273 Pa. 194; Thompson's Est., 282 Pa. 30; Barnwell's Est., 269 Pa. 443. The pew is to be free, meaning that anyone may occupy it while attending religious services, even though not a pewholder paying rent for the support of the church. This is obviously a gift for the promotion of religious instruction, and in a Christian community cannot be considered other than charitable. Gifts of this nature we have held to be charities in Beaver v. Filson, 8 Pa. 327; Appeal of Lutheran Congregation, 113 Pa. 32; Presbyterian Bd. of Foreign Missions v. Kulp, 151 Pa. 467; and Kramph's Est., 228 Pa. 455. The mere fact that the gift in the instant case is intended as a memorial to the testator does not alter its public and charitable character: Miller v. Porter, 53 Pa. 292; Smith's Est., 181 Pa. 109; Bills v. Pease, 116 Me. 98, 100 A. 146; French v. Calkins, 252 Ill. 243; Haggin v. International Trust Co., 69 Colo. 135. "The true test of a legal public charity is the object sought to be attained; the purpose to which the money is to be applied; not the motive of the donor." Fire Ins. Patrol v. Boyd, supra. The effect of the provision in the will of the testator that his church pew should be maintained free forever as a memorial to himself, was to establish a valid charitable trust, expressly exempt, by the Act of

1889, supra, from the operation of the rule against perpetuities.

But, appellant contends, the direction to set aside from the income of the trust property a sum sufficient to pay the pew rent, for all time to come, is too indefinite to be executed, because it is impossible to determine what may be the rent of the pew, from year to year, since the vestry has the power to fix the amount of the rent "from time to time." It is claimed this makes it impossible to fix an amount the interest on which would be sufficient to pay the rent of the pew in perpetuity. This argument is based on the assumption that the vestry cannot now determine the annual rent of the pew forever. There is no basis for this contention. The power to assess the pew rents is given the vestry by section 2 of article x of the by-laws of the Church of the Holy Trinity, which provides, "The holders of pews may be assessed for the support of the church at such rates as the vestry may from time to time decide." We do not understand this to forbid the vestry from now fixing, for all time to come, the rent of a particular pew. The rent of pew number six has been set by resolution of the vestry at $106 a year, forever, and there is no difficulty in capitalizing a sufficient amount of income to meet this annual charge. Id certum est quod certum reddi potest: Crawford v. Mound Grave Cemetery Assn., 218 Ill. 399; Field v. Drew Theological Seminary, 41 Fed. 371. The learned auditing judge set aside for this purpose a sum which, at the rate of three per cent per annum, will produce the rental of $106.

Nor is there any support for appellant's contention that there is a possibility that the sums required to be set aside for the purpose of the pew rent and for the four charitable bequests of $5,000 each (approximately $23,600 in all) cannot be accumulated within twenty-one years. We have not infrequently taken judicial notice of the income yielding quality of a fund before us for administration: Lennig's Est., 154 Pa. 209; Young v.

Lutheran Church, 200 Pa. 332; Channon's Est., 266 Pa. 417; Curran's App., 4 Pennypacker 331. This fund of $632,509.20 will, at four per cent interest, produce in one year $25,300, which is more than is required for all five bequests. The contention that the amounts needed may not be accumulated within twenty-one years after Mrs. Archambault's death is absurd. In regard to appellant's argument that the direction to accumulate the income from the trust fund to pay these bequests is in violation of the law against accumulations (Act of April 18, 1853, P. L. 503), it is sufficient to say that the statute ex-pressly excludes accumulations for charitable purposes from its operation.

The assignments of error are overruled and the decree of the court below is affirmed, costs to be paid by the appellant.