Voegtly Estate.

Argued April 30, 1959.   Before MUSMANNO, JONES, COHEN and BOK, JJ.

*William McC. Houston*, with him *Houston & Houston*, for appellant.

*Ralph S. Snyder*, Deputy Attorney General, with him *Anne X. Alpern*, Attorney General, for appellee.

OPINION BY MR. JUSTICE COHEN, May 28, 1959:

The testator, Henry J. Voegtly, died on May 2, 1957, survived by Sarah Louise Ericke, niece appellant, and her brother, John Veckly, Adm. c.t.a. and Trustee of the disputed residuary clause, who has assumed a passive role in the proceedings.

The testator executed a holographic will dated February 1, 1957, in which he made various cash legacies to certain named churches, hospitals and other charitable institutions. Cash legacies were also made to certain named individuals, among these the nephew and niece. The subject of this appeal concerns the remaining dispositive clause of the will which provided as follows: "The Balance of the Estate to be deposited and nephew John Veckly to serve as Trustee and distributed in a period of five years to *Charities or causes he may select.*"

The italicized portion of the residuary clause was attacked by the niece on the theory that the trust was void for indefiniteness and, therefore, the distribution of the residue should be made to her and her brother. The lower court decreed that the residuary clause was not void for indefiniteness and, after exceptions were dismissed, this appeal was taken.

By the powers of *parens patriae*, the Attorney General has been an active participant in this proceedings because, in both *Garrison Estate*, 391 Pa. 234, 137 A. 2d 321 (1958), and *Pruner Estate*, 390 Pa. 529, 136 A. 2d 107 (1957), this Court had occasion to reaffirm the necessity of the Attorney General's participation as an indispensable party in every proceeding which

affects a charitable trust, whether the proceeding be one of invalidation, termination, administration or enforcement of such trust.

Appellant's main contention is that the word "causes" in the phrase "charities or causes" permits the trustee to distribute trust funds for purposes not charitable in nature. An able analysis by the court below on this problem convincingly lays to rest this contention.

The question simply stated is what did the testator intend by the words "charities or causes." As was pointed out by the lower court, effective aids were enlisted in arriving at its conclusion. They may be summarized thusly and require no array of citation: (a) Charities have always been favorites of our law; (b) There is a presumption against intestacy; (c) And lastly, the testator's intention is to be gathered from the whole will rather than any particular clause.

With these aids as guideposts, the use of the phrase "charities or causes" is brought into better perspective by referring to the examples of cash legacies enumerated in the will: California Avenue Methodist Church; North Avenue Methodist Church; Methodist World Service; Methodist Church Union; Methodist Hospital & Home; Ward Home for Children; Bradley Home; Suburban General Hospital, Bellevue; St. John's General Hospital, Pittsburgh; Passavant Hospital, Pittsburgh; Young Men's Christian Association, Pittsburgh; American Bible Society; American Tract Society; Pocket Testament League; Gideons Bible Organization.

All of the aforementioned organizations come within the definition of "charities" in the legal sense as that term is defined in *Taylor v. Hoag*, 273 Pa. 194, 196, 116 A. 826 (1922) and more recently cited with approval in *Funk Estate,* 353 Pa. 321, 45 A. 2d 67 (1946),

at page 324: " 'The word "charitable", in a legal sense, includes every gift for a general public use, to be applied, consistent with existing laws, for the benefit of an indefinite number of persons, and designed to benefit them from an educational, religious, moral, physical or social standpoint. In its broadest meaning it is understood "to refer to something done or given for the benefit of our fellows or the public" ' ". In *Funk Estate,* supra, the testator, in a holographic will providing for cash legacies to named individuals and charities, made a bequest of her residuary clause to "some worthy cause or institution." This Court held that the word "worthy" was meant to refer only to an institution which would fall within the legal definition of charity and the gift was not void for indefiniteness.

Here the crux of the case concerns the definition of the term "causes", however difficult this definition might be, as we attempt to ascertain the testator's intention. There must kept in mind, as stated in *Hogg's Estate,* 329 Pa. 163, 166, 196 Atl. 503, 505 (1938) that "the test is what his [the testator's] words meant to *him* and the thought which *he* intended to convey by them; language being but a medium of expression, the object of interpretation is to ascertain its import as used by the one who employs it." We, therefore, must apply the guide of what the testator intended by these words and not what we would think those words to mean in its legal sense, for, it is apparent, that the will was executed by a layman and did not contain the words of art one would expect if an attorney had prepared the will. As was said in *Funk Estate,* supra, at page 325: "Not even the most learned and erudite invariably use words with the precise meanings attributed to them by lexicographers; testators, like other persons, frequently create their own dictionaries, and indeed it is largely from that circumstance

that there arise the necessity and the art of judicial interpretation."

We, in that event, must refer to Mr. Voegtly's dictionary in ascertaining the intention which he placed upon the word "causes".

The lower court, applying this standard ably concluded: "No one can read this will without concluding the testator was a spiritual person, with a strong religious personality, and a man who loved his fellow beings. The fifteen examples in his will were the kind of charities and causes with which he was concerned. They did not necessarily mean they were the only charities or causes he espoused. They were examples of the kindness of his heart. They gave the direction to which his kind soul pointed, to the benefit of an indefinite number of persons, to the benefit of mankind. . . .

"It is clear that 'Charities or causes' means charities or similar causes or similar ultimate objectives, same being for the benefit of mankind generally or an indefinite number of persons. Even without the fifteen examples in the will that the testator wrote, the words 'charities or causes', which words are in such close proximity, indicate the testator was thinking of objectives similar in character to charities. He was thinking of objectives that were valid in the law and not ones that were nugatory and void."

Decree affirmed.

Mr. Justice McBride took no part in the consideration or decision of this case.