Commonwealth of Pennsylvania by Attorney General Israel Packel, Plaintiff *v.* Frantz Advertising, Inc., Arthur William Frantz, Lawrence Swartz, J. O. Swartz and Fraternal Order of Police Fort-Pitt Lodge No. 1, Defendants.

Argued September 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Allen C. Warshaw,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*Frederick N. Frank,* with him *Robert Raphael,* and *Raphael, Sheinberg & Barmen, P.A.,* for defendants, Frantz Advertising and Arthur William Frantz.

*James L. Weisman,* with him *Weisman, Passafiume, Swartz and Trimm,* for defendant, Swartz.

*Bryan Campbell,* with him *Mansmann, Beggy & Campbell,* for defendant, Fraternal Order of Police.

OPINION BY JUDGE BLATT, March 3, 1976:

This is an action brought by the Commonwealth of Pennsylvania (Commonwealth) pursuant to the Solicitation of Charitable Funds Act[1] (Act) to obtain equitable and other relief against The Fraternal Order of Police, Fort-Pitt Lodge No. 1 (F.O.P.) and against soliciting contributions in its behalf. Cross-motions for summary judgment by the plaintiff, Commonwealth, and by each of the defendants are presently before us.

The Commonwealth has alleged in its Complaint in Equity and First Amended Complaint in Equity that the F.O.P. is a charitable organization within the meaning of the Act which should be enjoined from committing various violations of the Act, including failing to register with the Department of State, failing to have its solicitors register as professional fund raisers, and retaining of fees exceeding the amount permitted under the Act.[2] After having deposed various contributors, the Commonwealth requested leave to file an Amendment to the Amended Complaint in Equity alleging in the alternative

---

1. Act of August 9, 1963, P.L. 628, *as amended,* 10 P.S. §160-1 et seq.

2. The Commonwealth also requested other equitable relief including an accounting and restitution of monies solicited and collected in violation of the Act. Together with the First Amended Complaint in Equity, the Commonwealth had also filed its Motion for Preliminary Injunction and Motion for Summary Judgment.

that, if F.O.P. was not a charitable organization, then its solicitors who are herein named as defendants misrepresented the nature and purposes of the organization when soliciting contributions through the sale of associate memberships, dance tickets and advertising space. When the Commonwealth moved for a preliminary injunction, a hearing was held at which depositions, exhibits and testimony were submitted to Judge CRUMLISH of this Court. By order dated March 22, 1974, Judge CRUMLISH granted leave to file the Amendment to the First Amended Complaint in Equity and denied the Motion for Preliminary Injunction "because it [was] not established to the satisfaction of [the] Court that the F.O.P. [was] a charitable organization within the meaning of the [Act]." Following lengthy disputes over further discovery,[3] the Commonwealth filed its Motion for Summary Judgment pursuant to Pennsylvania Rule of Civil Procedure 1035. Shortly thereafter each defendant filed its respective Motion for Summary Judgment.

Pursuant to Pa. R.C.P. 1501, equity proceedings must conform to the rules which apply to actions in assumpsit. Pa. R.C.P. 1035 here applicable provides in relevant part:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits if any.

"(b) . . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

3. Defendants Swartz and Frantz asserted a Fifth Amendment privilege because of the penal provision found in Section 14(e) of the Act, 10 P. S. §160-14(e).

At the hearing on the motion for a preliminary injunction, this Court determined the admissibility of evidence proffered by the Commonwealth. To summarize, we held that the depositions of certain contributors to the F.O.P. were inadmissible as against the defendant solicitor Swartz because they were based upon knowledge gained through telephone conversations in which the deponent failed to identify the speaker and the speaker's relationship to Swartz. *See Reach v. National Bedding Co.,* 276 Pa. 467, 120 A. 471 (1923). We also held that the personal opinions of these contributors with respect to the tax deductible nature of their contributions and their motives for making such contributions were likewise inadmissible.[4] *Archambault's Estate,* 308 Pa. 549, 162 A. 801 (1932). In addition, we held that the depositions of Robert W. Duggan, now deceased, formerly the husband of Cordelia Scaife Duggan, a contributor to F.O.P., and the deposition of Robert E. Willison, attorney to Mrs. Duggan, were inadmissible as to Frantz and Swartz because there was no evidence that these defendants took part in the solicitation. Both depositions, however, were ruled admissible against F.O.P. except insofar as they relate to the deponent's personal opinion as to the charitable nature of the organization and to Mrs. Duggan's motivation for making a donation. The evidence remaining before us, therefore, consists of: 1) the admissible portions of the depositions made by contributors to the F.O.P. and by Messrs. Duggan and Willison, along with the deposition of Sergeant John O'Keefe, president of the F.O.P., Matilda Frank, a full-time employee of the F.O.P.,

---

4. The test of a public charity is the object sought to be obtained or the purpose for which the money is to be applied and *not the motive of the contributor. Fire Insurance Patrol v. Boyd,* 120 Pa. 624 (1888). The motives and beliefs of the contributors are immaterial and irrelevant, *Archambault's Estate,* 308 Pa. 549, 162 A. 801 (1932). There must be some direct proof that F.O.P. had been represented as a charitable organization.

and defendants Lawrence Swartz and Arthur W. Frantz, who exercised their fifth amendment rights and refused to answer questions propounded by the Commonwealth; 2) the transcript of hearings held by the special committee of the Pennsylvania House of Representatives which was convened to investigate the administration of justice and before which Messrs. O'Keefe, Frantz and Swartz testified concerning their solicitation activities and the F.O.P.; 3) the testimony of Sergeant John O'Keefe and John J. Harrington, one-time President of the National Organization of the Fraternal Order of Police, which was taken before this Court at the hearing on the motion for a preliminary injunction; and 4) the pleadings, supporting affidavits, and various exhibits. From all of this evidence, it is our obligation upon motion for summary judgment to determine whether or not the moving party has established the absence of any genuine issue as to any and every material fact which under substantive law the moving party must prove to become entitled to judgment. 4 Goodrich Amram §1035 (Supp. 1970).

Section 12(b) of the Act, 10 P.S. §160-12(b), here applicable provides:

"No person shall, in connection with the solicitation of contributions for or the sale of goods or services of a person other than a charitable organization, misrepresent to or mislead anyone by any manner, means, practice or device whatsoever, to believe that the person on whose behalf such solicitation or sale is being conducted is a charitable organization or that the proceeds of such solicitation or sale will be used for charitable purposes, if such is not the fact."

Without detailing the evidence, our examination of all testimony, transcripts and pleadings convinces us that neither the Commonwealth nor any of the defendants has established the absence of issues of fact among those facts which are material to a violation of this section of the Act. The Commonwealth, through the evidence as devel-

oped, attempted to show that numerous contributors to the F.O.P. were misled as to the nature of the organization and the purpose to which their contributions would be applied. The Commonwealth, however, has failed to demonstrate with competent evidence that the defendants are responsible for any such misunderstanding which may have existed among such contributors. Clearly, therefore, the Commonwealth is not entitled to summary judgment against these defendants for the alleged violation of Section 12(b) of the Act. By the same token, while the record does create an impression that many contributors to the F.O.P. have been misled in making their contributions to the F.O.P., and while the Commonwealth has failed to establish that the defendants are the persons responsible for creating this misunderstanding on the part of the contributors, the defendants themselves have failed to establish as fact that they are not responsible, and a fact material to a violation of Section 12(b) of the Act remains in issue. Moreover, it must be remembered that there is always the possibility that the Commonwealth may prove by competent evidence at trial the matters which it previously has attempted to prove by inadmissible evidence. Clearly, therefore, summary judgment will not lie for either the Commonwealth or any of the defendants with respect to the alleged violation of Section 12(b) of the Act.

We now turn to determine whether or not summary judgment will lie with respect to the principal allegation of the Commonwealth's complaint, which is that the F.O.P. is a charitable organization within the meaning of the Act and that it is therefore subject to the registration and regulatory measures therein provided.[5]

---

5. This Act is clearly aimed at regulating solicitation of *charitable funds* so that monies obtained for charitable purposes will be so used. Solicitors must register with the Commonwealth, Section 3 of the Act, 10 P. S. §160-3, and the Act calls for the production of records demonstrating the allocation of funds. In further pursuit of

Section 2(1) of the Act, 10 P.S. §160-2(1), provides the following definition of charitable organizations:

" 'Charitable organization' means a person which *is or holds itself out to be* a benevolent, educational, philanthropic, humane, patriotic, religious or eleemosynary organization or any person which solicits or obtains contributions solicited from the public for charitable purposes. . . ." (Emphasis added.)

It has long been established under the Common law that "the word 'charitable,' in a legal sense, includes every gift for a general public use, to be applied . . . for the benefit of an indefinite number of persons, and designed to benefit them from an educational, religious, moral, physical, or social standpoint. In its broadest meaning it is understood 'to refer to something done or given for the benefit of our fellows or the public.' " *Voegetly Estate,* 396 Pa. 90, 93, 151 A.2d 593, 595 (1959). *See Funk Estate,* 353 Pa. 321, 45 A.2d 67 (1946) ; *Taylor v. Hoag,* 273 Pa. 194, 116 A. 826 (1922). A total review of the record here convinces us that the F.O.P. is essentially a labor organization existing solely for the benefit of its membership,[6] and whatever benefits may attach to those

---

its overall aim, the Act specifically limits fund raising expenses incurred by the solicitors to thirty-five percent (35%) of the funds raised, Section 6(a.1), 10 P.S. §160-6(a.1), and limits fees allowed for those professional fund raisers to fifteen percent (15%). It is not disputed that defendants Frantz received sixty-five to seventy percent (65-70%) of what they solicited and defendant Swartz received between thirty-five to fifty percent (35-50%) of the total funds he obtained, but all of this is of no consequence unless we determine that F.O.P. is a charitable organization as that term is defined under the Act.

6. Membership consists of present and retired employees of the Pittsburgh Bureau of Police. F.O.P.'s primary activity is to act as bargaining agent between the police force and the City of Pittsburgh in contract negotiations, working for passage of both city and state statutes beneficial to its members. We understand the Commonwealth's argument to fail because it admits that the F.O.P.'s

534

outside its fold are incidental and not controlling. We cannot find, therefore, that the F.O.P. "is" a charitable organization, for its benefits are not applied for the advantage of an indefinite number of persons as would be the case if the public were to benefit. *Lawsen's Estate,* 264 Pa. 77, 107 A. 376 (1919). *See also, Philadelphia and Reading Coal and Iron Company Miners' and Laborers' Beneficial Fund,* 445 Pa. 65, 282 A.2d 688 (1971).

The Act, however, defines a charitable organization not only as one which "is" charitable in fact but also in the alternative as one which "holds itself out to be" such an organization. Again, after reviewing this extensive record, we do not believe that the Commonwealth has established the absence of a genuine issue as to whether or not the F.O.P. has held itself out to be a charitable organization even though it may not be one in fact. It would appear that the same evidence which bears upon the determination as to whether or not the F.O.P. and its solicitors have misrepresented to potential contributors the nature and purposes of the F.O.P. also bears upon the determination as to whether or not the F.O.P. holds itself out to be charitable. And in this respect we have already said that there appear to be genuine issues of fact not established by either the Commonwealth or the defendants. These issues, therefore, must be resolved at trial.

In view of the foregoing, we issue the following

ORDER

AND NOW, this 3rd day of March, 1976, the motion for summary judgment in behalf of the Commonwealth

---

social, benevolent, charitable and educational undertakings accrue to policemen and not the public in general. The Commonwealth argues that benevolent, charitable and educational activities undertaken by F.O.P. membership classify F.O.P. as a charitable instrument under the Act. We would agree if those activities were provided to the public at large and not merely to the police. The mutual benefit characteristics defeat the Commonwealth's argument.

of Pennsylvania, plaintiff, and the motions for summary judgment in behalf of Frantz Advertising, Inc., Arthur · William Frantz, Lawrence Swartz and the Fraternal Order of Police are hereby denied.

---

CONCURRING AND DISSENTING OPINION BY JUDGE MEN-CER:

My study of this record persuades me to concur in the denial of the motions for summary judgment in behalf of Frantz Advertising, Inc., Arthur William Frantz, Lawrence Swartz, J. O. Swartz, and the Fraternal Order of Police and in the denial of the motion for summary judgment in behalf of the Commonwealth with respect to the alleged violation of Section 12(b) of the Solicitation of Charitable Funds Act[1] (Act). However, I would grant summary judgment with respect to the allegation of the Commonwealth that the Fraternal Order of Police, Fort-Pitt Lodge No. 1, is a charitable organization within the meaning of the Act.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent.

I must respectfully disagree with the majority's determination that summary judgment will lie neither in favor of the Commonwealth nor any of the Defendants with respect to alleged violations of Section 12(b) of the Solicitation of Charitable Funds Act (Act), Act of August 9, 1963, P.L. 628, *as amended,* 10 P.S. §160-12(b). Essentially, what the majority is doing by denying summary judgments to both the Commonwealth and all Defendants is to give the Commonwealth yet another chance

---

1. Act of August 9, 1963, P. L. 628, *as amended,* 10 P.S. §160-12(b).

to try to prove what it has failed to do to this writing. The majority concedes that no additional admissible evidence was adduced to support its motion for summary judgment electing to rely on the records it made in seeking the preliminary injunction. It had available to it Pa. R.C.P. No. 1035 which permits parties to take and file depositions, make and file answers to interrogatories, and offer admissions and affidavits in support of the motion. Yet, to the contrary, the Commonwealth and the Defendants, by filing motions for summary judgment, have acknowledged that there exist no genuine issues of material fact, and by so doing have agreed to have the legal issue of Section 12(b) determined on the state of the record as of the time of those filings. I would grant Defendants' motion for summary judgment on the misrepresentation issue.

I must likewise disagree with the majority's failure to grant summary judgment on the issue of whether the Fraternal Order of Police (F.O.P.) *is or holds itself out to be* a charitable organization. The recitation of the law of charitable organizations is correct, as is the recitation of the mutual benefit characteristics of the organization. While the majority does not, and properly so, hold that under these facts F.O.P. *is* a charitable organization, it errs when it ignores the existence of sufficient evidence in the record which clearly establishes that F.O.P. does not *hold itself out to be* a charitable organization. Again, the parties by their pleadings have indicated to this Court the record is closed. Twice now the Commonwealth has failed to sustain its burden of proving either misrepresentation by F.O.P.'s solicitors or the charitable character of the association. Further litigation in this case is unwarranted.

I dissent.