Evelyn Laspino, t/a Minds Health in Bodys Health Spa v. Frank Rizzo, Mayor of the City of Philadelphia; Joseph F. O'Neill, Commissioner of Police; Dominick Sabatini, Commissioner of Licenses and Inspections; Sheldon L. Albert, City Solicitor; Lewis D. Polk, M.D., Commissioner of the Department of Health. Frank L. Rizzo et al., Appellants.

Argued September 27, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, BLATT, DISALLE and CRAIG. Judges ROGERS and MACPHAIL did not participate.

*Barbara R. Axelrod,* Assistant City Solicitor, with her *James M. Penny, Jr.,* and *Sheldon L. Albert,* City Solicitor, for appellants.

*Sandra W. Weckesser,* with her *Sharon Susser Harzenski,* and, of counsel, *Joel H. Slomsky* and *Edward Reif,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, February 27, 1979:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, which granted appellee/plaintiff's motion for summary judgment upon appellee/plaintiff's complaint in equity, declaring Section 9-610(4) of The Philadelphia Code unconstitutional and permanently enjoining the enforcement thereof. Although both parties have submitted briefs which address exclusively and comprehensively the

constitutional issues presented, we cannot reach the merits of these arguments because we believe that the lower court improperly entered summary judgment, given the factual record before it. We are constrained, therefore, to reverse and remand.

Underlying this case is the constitutionality of Section 9-610(4) of The Philadelphia Code which relates to the regulation of ''massage businesses'' in the City of Philadelphia. The section in question provides: ''No person employed or engaged in the business of a masseur or masseuse shall treat a person of the opposite sex.'' Other sections of the ordinance establish certain exemptions to this prohibition, prescribe licensing procedures and impose penalties.

On October 5, 1976, appellee/plaintiff filed in the Court of Common Pleas of Philadelphia County a ''Complaint in Equity.'' Therein, plaintiff alleges, *inter alia*, that she is the owner and operator of Minds Health in Bodys Health Spa located in Philadelphia and that she is the holder of a masseuse operator license and a mercantile license, both issued by the Department of Licenses and Inspections of the City of Philadelphia. Plaintiff further alleges that:

> Numerous males patronized the MINDS HEALTH IN BODYS HEALTH SPA, received body massages, and paid fees for the same, and plaintiff continued to operate said business, earn a living, and practice a legitimate occupation until July 20, 1976 when Philadelphia police officers, without in any way inviting themselves as the same, entered her premises, harassed plaintiff, interfered with plaintiff's business operations and arrested plaintiff for ... [selling wine without a license].[1]

---

[1] We note that plaintiff does not allege anywhere in her complaint that she was charged with violating the provisions of the massage business ordinance.

Plaintiff alleges that on July 21, 1976, she appeared at an arraignment on these charges and was discharged. The remaining "factual" allegations of the complaint are these:

11. As a result of the Ordinances and the intent of the defendants to enforce its provisions and harass her and disrupt her endeavor to engage in a legitimate occupation, plaintiff was obliged to cease operation of MINDS HEALTH IN BODYS HEALTH SPA on July 26, 1976.

12. As a direct result of the termination of her business enterprise, plaintiff has had serious financial difficulty and her ability to support herself and her family has been severely impaired.

The remainder of the allegations in the complaint are legal conclusions regarding the unconstitutionality of Section 9-610(4).

The relief requested in the complaint is: (a) the issuance, pursuant to the Uniform Declaratory Judgments Act,[2] of a declaratory judgment declaring the ordinance section in question unconstitutional under the Constitution of the Commonwealth of Pennsylvania; (b) the issuance of a preliminary injunction enjoining defendants from enforcing said ordinance; (c) issuance, upon hearing on the merits, of "an official injunction permanently enjoining the said defendants" from enforcing the ordinance. Although not expressly stated in the lower court opinion, it appears that no action was taken by that court vis-a-vis the request for a declaratory judgment, and that the court pro-

---

[2] Act of June 18, 1923, P.L. 840, *as amended, formerly* 12 P.S. §831 et seq., repealed by Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1063]. The Declaratory Judgments Act is now found at 42 Pa. C.S. §7531 et seq.

ceeded to act only upon plaintiff's request for injunctive relief.[3]

On October 15, 1976, defendants filed preliminary objections in the nature of a demurrer and a memorandum of law in support thereof. The substance of the demurrer was that the decision in *Colorado Springs Amusements, Ltd. v. Rizzo*, 524 F.2d 571 (3d Cir. 1975), wherein the court had upheld the constitutionality of Section 9-610, operated as res judicata in this case and required that the complaint be dismissed. Plaintiff filed an answer to the preliminary objections and a memorandum of law in support thereof. On November 12, 1976, the court dismissed defendants' preliminary objections.

Defendants filed their answer to the complaint on November 26, 1976. This answer specifically denies every averment of fact in the complaint except the averments concerning the identity of the defendants, the legislative history of the ordinance, and a quotation of the language of Section 9-610(4), all of which are admitted.

---

[3] We reach the conclusion that no action was taken in a declaratory judgment posture because the lower court acted on a summary judgment motion, a procedural device unavailable under the Uniform Declaratory Judgments Act. *See Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board*, 31 Pa. Commonwealth Ct. 151, 154, 375 A.2d 863, 864 (1977). Moreover, Section 11 of the Uniform Declaratory Judgments Act, 12 P.S. §841, required that "[i]n any proceeding which involves the validity of a municipal ordinance . . . such municipality shall be made a party and shall be entitled to be heard, and, if the . . . ordinance . . . is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard." Here, the City of Philadelphia is not a named defendant in the complaint, nor is there any indication in the record that it was made party to the proceedings. Similarly, the record is devoid of indication that the Attorney General was served. *See and compare* present provisions at 42 Pa. C.S. §7540.

As stated above, this appeal is from the lower court's granting of appellee/plaintiff's motion for summary judgment. Curiously, the record transmitted to this Court by the clerk of the lower court does not contain any motion for summary judgment. The copy of docket entries transmitted by the lower court indicates, however, that "Pltfs Motion for Summary Judgment" was docketed on November 15, 1977, the same day on which the lower court's opinion granting the motion was docketed.[4] Also, appended to appellants' brief is a copy of a document entitled "Motion for Summary Judgment," which begins with an undated clause "AND NOW, this    day of January, 1977. . . ." Moreover, the lower court opinion refers not only to the motion, but also to an answer thereto.[5] It suffices to say that, despite our displeasure at not having the motion contained in the record transmitted to us, we are now satisfied that a motion for summary judgment was filed by the plaintiff below.

Turning now to the question, which we raise sua sponte, of whether the lower court properly granted summary judgment in this case, we note initially that Pa. R.C.P. No. 1501 makes applicable to actions in equity Pa. R.C.P. No. 1035 regarding summary judgment. *See Commonwealth v. Frantz Advertising, Inc.,* 23 Pa. Commonwealth Ct. 526, 529, 353 A.2d 492, 494 (1976). Under the provisions of Pa. R.C.P. No. 1035 (b), summary judgment can only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[4] We note that the lower court opinion and order were signed by the court on November 9, 1977.

[5] A copy of a document entitled "Defendants' Answer to Plaintiff's Motion for Summary Judgment" appears, as does the copy of the undated January, 1977 Motion absent from the transmitted record, in the appendix to appellants' brief, but unlike the Motion, does not appear on the docket entries sheet as ever having been docketed.

show that there is no genuine issue as to any material fact. . . ."

In the proceedings below, plaintiff did not accompany her motion for summary judgment with any of the supporting documentation available under Pa. R.C.P. No. 1035. No depositions, answers to interrogatories, admissions or affidavits are to be found in this record. Thus, the only documents properly before the lower court for consideration, and, significantly, the only documents before this Court, are plaintiff's complaint and defendants' answer thereto. As stated above, that answer specifically denies, following the provisions of Pa. R.C.P. No. 1029(c), nearly every significant factual averment contained in the complaint. Had plaintiff filed affidavits or some other supportive factual documentation, then, of course, the issues of fact raised by defendants' answer alone would be insufficient to raise the genuine issues of material fact necessary to defeat plaintiff's summary judgment motion. *See Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa. Commonwealth Ct. 515, 519, 322 A.2d 787, 790 (1974). However, plaintiff filed no such documentation. Therefore, the issues of fact raised by the pleadings are significant. *Phaff v. Gerner,* 451 Pa. 146, 151, 303 A. 2d 826, 830 (1973). Given the issues of fact raised by the pleadings before it, we believe that the lower court abused its discretion in granting plaintiff's motion.[6]

We note, however, from our reading of the lower court's opinion, that the court did not confine itself to the complaint and answer, and relied on factual al-

---

[6] We are not moved to alter this conclusion by reason of the apparent admission by appellants/defendants, in the "Statement of the Case" section of their brief in this Court, of certain facts previously denied in their answer. The concept of appellate review does not permit us to substitute statements of fact appearing in an appellate brief for denials of fact on record in the pleadings.

legations contained in documents beyond the purview of those specified in Pa. R.C. P. No. 1035. Specifically, the court looked to the memorandum of law submitted by defendants in support of their preliminary objections. The court found in that memorandum representations by the defendants concerning the purpose of Section 9-610(4), an attempt by defendants to establish, as they must, that the ordinance is directed toward promotion of legitimate governmental objectives. Whichever constitutional standard is applied to measure this ordinance's validity—be it a "rational relationship" standard, a "strict rationality" standard, a "compelling state interest" standard, or what the lower court characterized as "Pennsylvania's absolute E.R.A. standard" (and we express no opinion today as to the proper constitutional standard of review to be applied to this facially neutral ordinance)— we believe that defendants must be afforded an opportunity to place into the record, if they can, the legislative purpose sought to be achieved by the ordinance. A facially neutral ordinance requires no less and we do not perceive the case law authority from which the lower court structured its "Pennsylvania's absolute E.R.A. standard" to require a different conclusion. Representations by counsel in legal memoranda on the issue cannot supplant proper documentation through affidavit or as otherwise provided in Pa. R.C.P. No. 1035 for summary judgment purposes, or oral testimony taken at evidentiary hearing or trial, if the factual record developed does not permit summary judgment disposition.

The lower court order granting appellee's motion for summary judgment is, therefore, reversed. The case is remanded to the Court of Common Pleas of Philadelphia County for further proceedings consistent with this opinion.

ORDER

Now, February 27, 1979, the order of the Court of Common Pleas of Philadelphia County, granting appellee's motion for summary judgment, is hereby reversed. The record is remanded to said court for further proceedings consistent herewith.