463 A.2d 406

**COMMONWEALTH of Pennsylvania, COMMISSION ON CHARITABLE ORGANIZATIONS, Appellant,**

v.

**ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW (ACORN), Appellee.**

Supreme Court of Pennsylvania.

Argued May 26, 1983.

Decided July 8, 1983.

1

Cynthia M. Williams, David F. Phifer, Harrisburg, for appellant.

Louis S. Rulli, Philadelphia, for appellee.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

McDERMOTT, Justice.

This is an appeal from the order of the Commonwealth Court[1] which reversed the order of the Commission on

---

1. 65 Pa.Cmwlth. 534, 442 A.2d 1195 (1982).

Charitable Organizations (hereinafter "Commission") and found that the Association of Community Organizations For Reform Now (ACORN) was not a charitable organization within the meaning of Section 2(1) of the Solicitation of Charitable Funds Act, 10 P.S. § 160–2(1) and therefore not subject to the registration requirements of Section 3(a) of that Act.[2] From that decision, we now reverse.[3]

Section 2(1) of the Solicitation of Charitable Funds Act, 10 P.S. § 160–2(1), defines a charitable organization as "a person which is or holds itself out to be a benevolent, educational, philanthropic, humane, patriotic, religious or eleemosynary organization or any person which solicits from the public for charitable purposes after the effective date of this act." On April 15, 1980, a hearing was held before the Commission to determine whether appellee ACORN was a charitable organization within the meaning of this Act. On June 30, 1980, the Commission issued an opinion, containing sixteen (16) findings of fact, including the following relevant findings:

6. Pennsylvania ACORN is part of a national organization, incorporated in Arkansas as a non-profit corporation in Pennsylvania.

7. The purpose of ACORN is to enhance the quality of neighborhoods.

8. ACORN states that it has won countless neighborhood improvements throughout Philadelphia, includ-

**2.** Section 3(a) of the Solicitation of Charitable Funds Act provides in relevant part:
(a) Every charitable organization which intends to solicit contributions within this Commonwealth, or have funds solicited on its behalf, shall, prior to any solicitation, file a registration statement with the department upon forms prescribed by the commission, which shall be good for one full year and which shall be refiled in the next and each following year in which such charitable organization is engaged in solicitation activities.

**3.** Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, as amended, 42 Pa.C.S.A. § 724(a).

ing: better housing conditions, more police protec- tion, vacant lot clean-ups, more recreation facilities, improved traffic safety and public transportation, increased city support for community health and day care facilities.

9. Testimony was presented that an example of an ACORN project involved the organizing of a South Philadelphia group to persuade officials by blocking traffic to have Snyder Avenue repaved.

10. Organizers collect membership fees from residents in selected low and moderate income neighborhoods consisting of approximately one thousand to fifteen hundred families.

. . . .

12. Canvassers solicit money from the general public, asking for contributions to financially support ACORN.

. . . .

14. Canvassers are paid employees, salaried at $120.00 per week plus a twenty-five per cent bonus of all funds raised above $350.00 per week.

. . . .

16. Testimony was presented that canvassers, in soliciting contributions, do not say that ACORN is a charity or that it is tax exempt.

Based upon these findings, the Commission concluded that ACORN was a charitable organization within the meaning of the Act and therefore had violated the Act by failing to register with the Commission.

On appeal, a divided Commonwealth Court reversed this decision, finding that ACORN was not a charitable organization within the meaning of the Act. Relying in part upon *Commonwealth v. Frantz Advertising, Inc.,* 23 Pa.Cmwlth. 526, 353 A.2d 492 (1976), the Commonwealth Court determined that "ACORN . . . exists primarily for the benefit of its members, and whatever benefits accrue to non-members

are incidental and not controlling." 65 Pa.Cmwlth. at 538, 442 A.2d at 1196. In *Frantz Advertising*, the Commonwealth Court also interpreting Section 2(1) of the Act, held that the Fraternal Order of Police was not a charitable organization subject to registration because the F.O.P. exists "solely for the benefit of its membership and whatever benefits may attach to those outside its fold are incidental and not controlling." 23 Pa.Cmwlth. at 533–34, 353 A.2d at 496 (footnote omitted).

■ The Commonwealth Court's standard of review of decisions of the Commission on Charitable Organizations, however, is limited to reversing a Commission adjudication only where an appellant's constitutional right had been violated, where an error of law has been made by the Commission or where the Commission's findings of fact have not been supported by substantial evidence. 2 Pa.C.S.A. § 704. *See, Rehabilitation Center and Workshop, Inc. v. Commonwealth, Commission on Charitable Organizations,* 45 Pa.Cmwlth. 295, 405 A.2d 980 (1979). There are no allegations of a constitutional violation in this case. In addition, we do not find that the Commission's decision constitutes an error of law or that the Commission's findings of fact are unsupported by substantial evidence in the record.

■ Heretofore, the only case addressing the issue of what is a charitable organization for purposes of registration under the solicitation of Charitable Funds Act is *Frantz Advertising, supra.* As noted, the Commonwealth Court in *Frantz Advertising* held that an organization is not charitable where it exists solely for the benefit of its membership, with whatever benefits that may attach to non-members being incidental and not controlling. Today, we adopt this test as the law in this area.

■ Applying this standard to the instant case, however, we must agree with the Commission's finding of ACORN as

a charitable organization and conclude that such a finding was supported by substantial evidence. Instantly, we note that by ACORN's own admission, their purpose is to enhance the quality of neighborhoods. In addition, the record shows that ACORN solicits funds from the general public by distributing pamphlets to potential contributors in which they claim that ACORN has won countless neighborhood improvements throughout Philadelphia including a 10% reduction in auto insurance rates for most Philadelphia drivers, more police protection, improved traffic safety and public transportation and increased city support for a program to provide summer jobs to teenagers. Clearly, these widespread benefits can not be said to accrue only to ACORN members. Rather, ACORN members and the general public alike share in these civic improvements. Based upon these findings, we conclude that ACORN is a charitable organization within the meaning of Section 2(1) of the Solicitation of Charitable Funds Act and subject to the registration requirements of that Act.

Accordingly, the order of the Commonwealth Court is reversed and the order of the Commission on Charitable Organizations is reinstated.

LARSEN, J., files a dissenting opinion.

NIX, J., did not participate in the consideration or decision of this matter.

LARSEN, Justice, dissenting.

I dissent and would affirm on the basis of the Commonwealth Court's opinion. *Association of Community Organizations for Reform Now (ACORN) v. Commonwealth of Pennsylvania, Commission on Charitable Organizations,* 65 Pa.Cmwlth. 534, 442 A.2d 1195 (1982).