564 A.2d 551

**The PENNSYLVANIA ACADEMY OF CHIROPRACTIC PHYSICIANS, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL & OCCUPATIONAL AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Oct. 3, 1989.

Kenneth William Richmond, Rosengarten & Richmond, P.C., Philadelphia, for petitioner.

Mary S. Wyatte, Deputy Gen. Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Before us for disposition are the preliminary objections of the Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs (Respondent) to a petition for review in the nature of a declaratory judgment filed in our original jurisdiction by the Pennsylvania Academy of Chiropractic Physicians (Petitioner).

In its petition for review Petitioner alleges that on October 5, 1988 Respondent, by its prosecuting attorney, sent a letter to a member of Petitioner's association, Dr. Robert G. Wagner, D.C., advising him that his utilization of the term "chiropractic physician" in connection with himself in an advertisement in a telephone directory was in violation of Section 10 of the Medical Practice Act of 1985,[1] and Section 3 of the Osteopathic Medical Practice Act.[2] The letter further explained that under Section 525 of the Chiropractic

---

1. Act of December 20, 1985, P.L. 457, 63 P.S. § 422.10. That Section prohibits an individual from practicing medicine and surgery or holding himself/herself out as authorized to practice medicine and surgery unless he/she is a medical doctor.

2. Act of October 5, 1978, P.L. 1109, *as amended,* 63 P.S. 271.3. That Section prohibits the practice of osteopathic medicine and surgery or holding himself/herself out as a practitioner in osteopathic medicine and surgery without an osteopathic license.

Practice Act,[3] a chiropractor may use only the term "doctor of chiropractic" and may not use the term "chiropractic physician." Additionally, the letter explained that use of the term "chiropractic physician" could be viewed as constituting misleading, deceptive, untrue or fraudulent representation in violation of Section 506(a)(2) of the Chiropractic Practice Act, 63 P.S. § 625.506(a)(2). The letter further indicated that such activity would constitute grounds for the revocation or suspension of a chiropractic license. Finally, the letter advised that while Respondent was not contemplating any disciplinary action at that time, continued use of the term "chiropractic physician" by the member in question could result in disciplinary sanctions.

Petitioner pleads that as a direct consequence of this correspondence its existence and membership rolls are gravely threatened and made uncertain because of the fear of its members of sanctions arising from their identification and association with Petitioner. Doctor Wagner, the doctor of chiropractics to whom the letter was directed, did not, however, join the suit as a plaintiff. It is Petitioner's position that the term "chiropractic physician" is permitted under relevant statutory law and further that Respondent's attempt to prohibit use of the term is violative of the First and Fourteenth Amendments to the United States Constitution and, in addition, constitutes *ex post facto* legislation. As relief Petitioner seeks a declaration from this Court that the Chiropractic Practice Act does not prohibit the use of the term "chiropractic physician."

Respondent has filed preliminary objections to the petition for review. In its preliminary objections it contends (1) that there is no case or controversy in question here (2) that the Petitioner lacks standing to sue (3) that Petitioner has not stated a cause of action, and (4) that the instant suit is barred by the doctrine of sovereign immunity.

3. Act of December 16, 1986, P.L. 1646, 63 P.S. § 625.525. Section 525 provides, "Any person who has a valid license in accordance with this act may practice chiropractic and use the title 'Doctor of Chiropractic' and the abbreviation 'DC.'"

We recognize that preliminary objections admit as true all facts which are well pleaded as well as all inferences which are reasonably deducible therefrom. *Department of Transportation v. Pennsylvania Power & Light Co.,* 34 Pa.Commonwealth Ct. 594, 383 A.2d 1314 (1978). And, if there should exist any doubt whatsoever as to whether the averments in the complaint would permit recovery if they are ultimately proved, preliminary objections should not be sustained. *Eckrich v. DiNardo,* 283 Pa.Superior Ct. 84, 423 A.2d 727 (1980).

We consider first the questions of whether there exists a case or controversy and whether Petitioner has standing to bring this lawsuit. It is clear that under the Declaratory Judgments Act [4] for declaratory relief to be appropriate there must be an actual controversy. *South Whitehall Township v. Department of Transportation,* 82 Pa.Commonwealth Ct. 217, 475 A.2d 166 (1984). Respondent maintains that the petition for review contains no allegation that it has taken or has threatened to take, any action against the Petitioner Association. In order to dispose of this preliminary objection, we must also consider that objection which challenges Petitioner's standing. It is Respondent's position that the letter sent to the member of Petitioner's association was merely a warning to refrain from inappropriate advertising and that Petitioner's interest in protecting the integrity of the membership was not affected. It thus asserts that Petitioner lacks standing.

It has been held that, as a representative of its members, an association may have standing even in the absence of injury to itself. *Paratransit Association of Delaware Valley, Inc. v. Yerusalim,* 114 Pa.Commonwealth Ct. 279, 538 A.2d 651 (1988). An association need merely allege that any of its members is suffering immediate or *threatened* injury resulting from the challenged action sufficient to satisfy the *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), standard. *Paratransit.* Under that standard a

4. 42 Pa.C.S. §§ 7531–7541.

litigant must be aggrieved, and the court must determine whether the interest of the litigant is substantial, direct and immediate and not a remote consequence of the challenged action.

■ In the situation presented, while it is true that the direct warning was leveled not against Petitioner but against one of its members, it takes no great mental leap to conclude that if the use of the term "chiropractic physician" is statutorily prohibited and its use can result in loss of licensure for chiropractors, then an organization calling itself the "Pennsylvania Academy of Chiropractic Physicians," which is composed of chiropractors who acknowledge their membership in such an association, is certainly aggrieved under the *William Penn Parking* standard by Respondent's legal position on this issue and its threatened action. Further, even absent direct injury to the association, the threatened loss of a member's license would alone be a basis under *Paratransit* for Petitioner's standing. Accordingly, we conclude that Petitioner does have standing to bring this lawsuit and that there exists a sufficient "controversy" with respect to Petitioner to maintain the action under the Declaratory Judgments Act. Respondent's preliminary objections challenging standing and the absence of a case or controversy, therefore, are overruled.

Next, Respondent alleges that Petitioner has, as an association, failed to state a cause of action. In ruling upon a preliminary objection in the nature of a demurrer the court must accept as true all well-pleaded allegations. *Zemprelli v. Thornburgh*, 73 Pa.Commonwealth Ct. 101, 457 A.2d 1326 (1983). Further, a demurrer will be sustained only when it appears with certainty that the law will permit no recovery under the allegations pleaded. *Id.* And, any objection must be overruled if the allegations state a cause of action under any theory of law. *Id.* Finally, any reservation pertaining to a legal possibility of recovery should always be resolved by refusing to sustain a demurrer. *Easton Area Joint Sewer Authority v. Bushkill–Lower*

*Lehigh Joint Sewer Authority,* 71 Pa.Commonwealth Ct. 553, 455 A.2d 286 (1983).

■ Respondent's arguments in support of its demurrer are the same as those made with respect to its preliminary objections pertaining to standing and the absence of a case or controversy. It maintains that no threatened action has been taken against either the Association or its member. In its complaint, however, Petitioner alleges that as a result of the correspondence sent to the member in question, its continued existence and membership rolls are gravely threatened and uncertain because of the fear of its members arising from their identification with Petitioner. Petitioner further alleges that it will be damaged "through the permanent loss of good will and public and professional esteem it has acquired" if the Chiropractic Practice Act is construed as prohibiting the use of the term "chiropractic physician." We believe that these allegations are sufficient as a matter of law to withstand the preliminary objection in the nature of a demurrer and, accordingly, overrule it.

■ Finally, Respondent preliminarily objects by raising the defense of sovereign immunity. We have recently sustained preliminary objections pertaining to sovereign immunity when brought in a declaratory judgment action. *See Joint Bargaining Committee of the Pennsylvania Social Services Union v. Commonwealth of Pennsylvania,* 109 Pa.Commonwealth Ct. 11, 530 A.2d 962 (1987). We observed, however, in *Joint Bargaining* that:

> suits which seek to compel affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth are within the rule of immunity; suits which simply seek to restrain state officials from performing affirmative acts are not within the rule of immunity.

*Id.,* 109 Pa.Commonwealth Ct. at 23, 530 A.2d at 967 (quoting *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 576, 190 A.2d 111, 114 (1963)) (emphasis deleted). Because, in the instant case, Petitioner seeks a declaration which would result in restraining state officials from performing affirmative acts (revoking or suspending

licenses of chiropractors who utilize the term "chiropractic physician") it is clear that the defense of sovereign immunity is inapplicable to this situation.[5] Accordingly, we overrule this preliminary objection.

Based on the foregoing opinion, the preliminary objections are overruled.

## ORDER

NOW, October 3, 1989, the preliminary objections of Respondent in the above-captioned matter are hereby overruled and Respondent is directed to file an answer to the petition for review within twenty days of entry of this order.

5. We note that here a specific Commonwealth party was named. If that were not so an amendment to the caption may be permitted in some circumstances. *See Hall v. Acme Markets, Inc.,* 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987).