572 A.2d 256

**COMMONWEALTH of Pennsylvania, by Ernest D. PREATE, Jr., Attorney General, Plaintiff,**

v.

**PENNSYLVANIA CHIEFS OF POLICE ASSOCIATION, INC.; Rainbow Associates, Inc.; Larry White, individually; and James D. Massella, individually, Defendants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 1989.

Decided March 23, 1990.

188

Mark A. Pacella, Deputy Atty. Gen., with him, Mollie A. McCurdy, Chief Deputy Atty. Gen., Mary Beth O'Hara Osborne, Deputy Atty. Gen., and Ernest D. Preate, Jr., Atty. Gen., for plaintiff.

William J. Winning, Curran, Winning & Fioravanti, P.C., Media, for defendants.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

The Commonwealth Attorney General has filed a complaint against the Pennsylvania Chiefs of Police Association, Inc. (Association),[1] Rainbow Associates, Inc. and Rainbow's principals, Larry White and James Massella (collectively referred to as Rainbow) for violations of the the Unfair Trade Practices and Consumer Protection Law (Consumer Protection Law)[2] and the Charitable Organization Reform Act (Charitable Reform Act).[3] Rainbow preliminar-

[1]. The Commonwealth filed its complaint in equity on May 10, 1986. On May 25, 1986, this Court approved the provisions of a Consent Decree which settled the issues outstanding between the Commonwealth and Pennsylvania Chiefs of Police Association, Inc., thus leaving for resolution only the action against Rainbow and its principals.

[2]. Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§ 201-1—201-9.2.

[3]. Act of April 30, 1986, P.L. 107, No. 36 *as amended,* 10 P.S. §§ 161.1—161.19.

ily objects to the Attorney General's complaint against it. We overrule Rainbow's preliminary objections.

According to the complaint, Rainbow secured money from the public by soliciting charitable contributions while representing itself as a police officer organization when in fact, the caller was a compensated professional solicitor not otherwise associated with any law enforcement agency. Complaint, para. 15(a).

■ Rainbow initially argues that the Charitable Reform Act does not apply to it because Rainbow is not engaged in solicitation of contributions for or on behalf of charitable organizations. We reject this argument because our decision in *Commonwealth v. Frantz Advertising, Inc.*, 23 Pa. Commonwealth Ct. 526, 353 A.2d 492 (1975), compels us to do so.

In *Frantz*, we held that the statute applies to all organizations which *represent* themselves as charitable or obtain money for such a purpose. In his complaint, the Attorney General has averred that Rainbow held itself out to be a charitable organization and solicited contributions for the Association and other charitable entities. Complaint, para. 15(a). We must accept these facts as true for the purpose of ruling on a defendant's preliminary objections. *Pennsylvania Academy of Chiropractic Physicians v. Department of State, Bureau of Professional & Occupational Affairs*, 129 Pa.Commonwealth Ct. 12, 564 A.2d 551 (1989).

■ Rainbow also argues that it is not subject to the Consumer Protection Law since it sold only advertising space and was not engaged in "trade or commerce" as that term is defined therein.

We do not agree. According to the pleadings, Rainbow's operations encompassed twenty-six counties statewide, raising between one-half and one million dollars annually, with the bulk of the monies paying for administrative expenses. Rainbow solicited monies from the public via direct requests for contributions, sale of advertising spaces, license plates,

and other promotional items. We have no problem concluding that the sale of advertising space and other items constitutes trade, which is defined in the statute as "the advertising, offering for sale, *sale* or distribution *of any services* and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, *or thing of value* wherever situate...." 73 P.S. § 201–2(3) (emphasis added). *Commonwealth v. Watson & Hughey Co.*, 128 Commonwealth Ct. 484, 563 A.2d 1276 (1989). Rainbow engaged in extensive telephone solicitation, all the while omitting the mention of its professional solicitor's position and representing itself as a police officers' or police organization. As this Court said in *Commonwealth v. Bell Telephone Co. of Pennsylvania*, 121 Pa.Commonwealth Ct. 642, 551 A.2d 602 (1988), the aim of the law is to prevent fraud, and it must be liberally construed to effect its object of preventing unfair or deceptive practices. *Commonwealth v. Monumental Properties*, 459 Pa. 450, 329 A.2d 812 (1974).

■ Finally, Rainbow contends that both the Charitable Reform Act and Consumer Protection Law, as applied to it, effect a prior restraint on the right to free speech, because the injunctive relief sought by the Attorney General in his complaint would enjoin Rainbow from conducting *all* future solicitations of any kind. As we stated in *Watson & Hughey*, First Amendment guarantees [4] require that where injunctive relief is sought, it must be narrowly tailored to achieve a limited goal. To the extent that the Attorney General seeks a blanket prohibition of all solicitation activities by Rainbow, that remedy is constitutionally impermissible. *Id.*

■ However, if at some point in these proceedings, this Court determines that Rainbow has engaged in fraudulent or deceptive solicitation practices, then the appropriate injunctive relief can be fashioned without impinging on constitutional protection against prior restraint. *Bates v. State*

4. U.S. Const. amend I.

*Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). *Watson & Hughey.*

Accordingly, we overrule Rainbow's preliminary objections.

## ORDER

Defendants' preliminary objections to Counts I, II, III IV and V of the complaint are overruled.